[Crim. No. 532.   Second Appellate District.—March 27, 1917.]

## THE PEOPLE, Respondent, v. A. KUHN, Appellant.

CRIMINAL LAW—FORGERY—FRAUDULENT INTENT—QUESTION FOR JURY.—
In a prosecution for the forgery of a check, the fraudulent intent
of the defendant is a question to be determined by the jury.

ID.—SUFFERING OF ACTUAL DAMAGE—NONESSENTIAL ELEMENT.—In such
a prosecution it is not necessary to sustain a conviction that the
party whose name had been forged had suffered actual damage; it is
only essential that it appear that if the manifest intent of the de-
fendant culminated in success, such damage or detriment would
follow.

APPEAL from a judgment of the Superior Court of San
Bernardino County, and from an order denying a new trial.
J. W. Curtis, Judge.

The facts are stated in the opinion of the court.

Albert D. Trujillo, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke,
Deputy Attorney-General, for Respondent.

JAMES, J.—Defendant was convicted of the crime of for-
gery and sentenced to a term of imprisonment.  He appeals
from the judgment and from an order denying his motion for
a new trial.

It was charged by the information that the defendant
forged the name of G. W. Dewey to a check for the sum of
$25, drawn on the Farmers Exchange National Bank of San
Bernardino.  The defendant did not deny having drawn the
check, and did not deny having signed the name of Dewey
thereto.  He claimed in his defense to have obtained some
authority authorizing him so to do, although he did not assert
that this authority expressly authorized him to draw checks,
but rather that he was authorized to do business for Dewey.
In the city of San Bernardino Dewey owned a furniture busi-
ness which was conducted by an agent named Lipphard.
Dewey lived in the city of Los Angeles.  Lipphard had full
control of the business in San Bernardino, including the
making of deposits of money in bank, and drawing checks

thereon. Such checks were drawn in the name of Dewey with the initials of Lipphard following the signature. The defendant had made some collections and attended to, the sales of some merchandise on behalf of the Dewey store in San Bernardino. The manager, however, testified that no authority had at any time been given to defendant, either by himself or by Dewey, to draw checks. The check described in the information was cashed by the defendant at a saloon in Colton. Defendant testified that of the $25 which he received he paid to Lipphard, manager of the store of Dewey, $10, and retained the remaining $15 for the purpose of paying his expenses on a trip to the city of Los Angeles, where he claimed to have had some business to do with Dewey himself. Lipphard denied having received the $10 mentioned by the defendant. The check upon being presented to the bank for payment was declared to be a forgery and the arrest of defendant followed in consequence. Upon this state of the evidence the defendant here contends on his appeal that there was no showing made of any intent to defraud Dewey. The matter of the intent of the defendant was a thing to be determined by the jury, and upon the whole evidence, which has been briefly stated in the abstract, we think the verdict of guilty was wholly authorized. It is not necessary, as has been held, that a party whose name has been forged has suffered actual damage; it is only essential that it appear that if the manifest intent of the defendant had culminated in success, such damage or detriment would follow. (*People* v. *Turner,* 113 Cal. 278, 280, [45 Pac. 331].)

We have examined very fully the statement of the evidence as brought here in the reporter's transcript, as well as the instructions given by the trial judge. We can discover no error which prejudiced the defendant in his right to a fair trial, and we think that the proof was ample to sustain the verdict.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.