[Crim. No. 1275.   First Appellate District, Division One.—October 14, 1926.]

## THE PEOPLE, Respondent, v. WILLIAM L. RHINEHART, Appellant.

[1] CRIMINAL LAW—MURDER OF POLICEMAN—EVIDENCE—ACCOMPLICE—CORROBORATION.—In this prosecution for the murder of a police officer, it is held that the evidence strongly tended to connect defendant with the commission of the crime charged and was sufficient, within the provisions of section 1111 of the Penal Code, to corroborate the testimony of accomplices.

[2] ID.—ACCUSATORY STATEMENTS MADE IN PRESENCE OF DEFENDANT—SILENCE OF DEFENDANT—ADMISSIONS—EVIDENCE.—In such prosecution, statements in writing made by defendant's accomplices containing certain accusatory matters to which they testified at the trial and which were read to defendant shortly after his arrest, and as to which defendant stated he had nothing to say, were properly admitted in evidence on the theory that a refusal

2.   See 8 Cal. Jur. 103; 1 R. C. L. 478.

to speak under circumstances which naturally call for denial is
a fact which tends inferentially to show an admission of the truth
of the accusation.

(1) 16 **C. J.**, p. 712, n. 30.    (2) 16 **C. J.**, p. 631, n. 70.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order deny-
ing a new trial.   Michael J. Roche, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Nathan C. Coghlan and Austin W. Arnold for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary,
Deputy Attorney-General, for Respondent.

CASHIN, J.—The defendant was charged with the murder
of Michael J. Brady, a police officer.   The jury returned a
verdict of murder in the first degree, life imprisonment
being fixed as the punishment for the crime.   A motion for
a new trial was denied, from which order and from the
judgment the defendant has appealed.

The deceased, at about the hour of 1 o'clock A. M. on
October 1, 1924, near the intersection of Mason and Cali-
fornia Streets, in the City of San Francisco, received injuries
from pistol shots fired by one of the occupants of a Ford tour-
ing car, from which he subsequently died, defendant and two
others, namely, Haughey and Gleason, being charged by
indictment with the crime.   The latter and one Robinson
were called as witnesses for the prosecution and testified
that on the occasion mentioned they with the defendant
occupied the automobile and were engaged in carrying out
a previous plan to rob one Carrington; that at the time of
the injuries of the deceased the latter approached the car,
which was being driven by defendant Rhinehart, ordered the
driver to stop, and attempted to step upon the running-
board, whereupon defendant fired the shots which caused the
officer's death.

Defendant urges as grounds for reversal that the testi-
mony of these witnesses was not corroborated by evidence
tending to connect him with the commission of the offense,
and that the trial court erred in admitting evidence of cer-

tain statements made to defendant after his arrest and his reply thereto. Defendant admitted his acquaintance and frequent association with the witnesses, but denied that he was present at the time of the commission of the crime charged. The witness Robinson testified that defendant on the occasion of the shooting was wearing an overcoat owned and described by the witness. It was further testified by the owner of the automobile, who was acquainted with defendant. and with Gleason and Robinson, that the car was borrowed by the latter at about 10:30 P. M. of September 30, 1924; that shortly before midnight on the same evening the witness saw the defendant with Gleason and Robinson seated therein, and that defendant was then wearing an overcoat similar to that described by Robinson. It was further shown that the bullets taken from the body of the deceased were of the same caliber and marked by the imperfections existing in the barrel of a revolver found in the possession of the defendant at the time of his arrest.

In addition to the foregoing evidence was adduced which tended to show that defendant, in company with one or more of his associates mentioned, had previously participated in a robbery perpetrated by methods described by Robinson and which were similar to those contemplated on the night of the murder.

[1] This testimony strongly tended to connect the defendant with the commission of the crime charged, and was sufficient within the provisions of section 1111 of the Penal Code to · corroborate the witnesses Gleason and Robinson (*People* v. *McLean,* 84 Cal. 480 [24 Pac. 32]; *People* v. *Blunkall,* 31 Cal. App. 778 [161 Pac. 997]; *People* v. *Taylor,* 70 Cal. App. 239 [232 Pac. 998]).

[2] Subsequent to the arrest of Gleason and Robinson statements in writing were made by them containing in substance the matters to which they testified at the trial. Shortly after the arrest of the defendant the statements mentioned were read to him. Defendant some days previously had denied his guilt, and on this occasion stated that he had nothing to say. Such testimony is received on the theory that a refusal to speak under circumstances which naturally call for denial is a fact which tends inferentially to show an admission of the truth of the accusation, its relevancy in view of the circumstances shown being in the

first instance a question for the trial court (*People* v. *Byrne,* 160 Cal. 217 [116 Pac. 521]). In the present case the conclusion of the trial court that the conduct of the defendant was in view of the nature of the accusation, a relevant fact finds reasonable support from the circumstances shown by the evidence, and its admission was not erroneous (*People* v. *Shelest,* 62 Cal. App. 213 [216 Pac. 389]; *People* v. *Graney,* 48 Cal. App. 773 [192 Pac. 460]; *People* v. *Taylor, supra; People* v. *Egan* 77 Cal. App. 279 [246 Pac. 337]; *People* v. *Swaile,* 12 Cal. App. 192, 198 [107 Pac. 134]).

No error appearing from the record, and the evidence being sufficient to sustain the verdict, the order and judgment appealed from are affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 13, 1926.

Curtis, J., dissented.