[Crim. No. 1512.  First Appellate District, Division Two.—November 8, 1928.]

THE PEOPLE, Respondent, v. WILLIS JAMES MEYER, Appellant.

Raine Ewell for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The grand jury presented an indictment against the defendant, he appeared and entered his plea, a trial was had before the court sitting with a jury, the jury returned a verdict of guilty, the defendant made a motion for a new trial, the motion was denied and he has appealed from the judgment and the order denying his motion for a new trial.

The defendant contends that the indictment is insufficient to sustain the verdict, that the verdict is contrary to the evidence, and that the verdict is contrary to law, and he presents the three contentions together. The indictment alleged the commission of certain acts by the defendant on the twenty-eighth day of April, 1928, on the person of each of three little girls, Esther Stanghellini, age twelve; Sophie Churich, age ten, and Betty Tisma, age seven. In the first, third, and fifth counts the pleader charged assault to commit rape. In

the second, fourth, and sixth counts the pleader charged a violation of section 288 of the Penal Code. The defendant calls attention to the fact that by its terms section 288 enacts a law supplementing other offenses defined by other statutes and is not applicable if the acts charged fall within the provisions of such other statutes. He then asserts that when the prosecution dismissed the first, third, and fifth counts it did so by mistake. That is purely the assumption of the defendant and is sustained by no part of the record. Continuing, the defendant quotes certain parts of the record which would tend to prove the commission of an assault to commit rape. In doing so he neglects to quote passages from the record which tend to prove the commission of a violation of section 288 of the Penal Code. Having given a one-sided view of the evidence, the defendant makes the claim that the defendant was guilty of an assault to commit rape, if anything, and therefore by the expressed language contained in section 288 of the Penal Code he was not properly charged under that section, that the evidence was insufficient and that the verdict may not be sustained. ■ However, as suggested above, there was evidence that the defendant violated the provisions of section 288 of the Penal Code and perhaps there was evidence that he committed an assault to commit rape. Under no logical reasoning was the latter offense a defense to the former. ■ In this same connection the defendant contends that the second, fourth, and sixth counts, while pleading a violation of Penal Code, section 288, went further and pleaded facts showing an assault to commit rape. Thereupon the defendant argues that the indictment was insufficient. The point is without merit. Superfluity does not vitiate. No demurrer was interposed and we are not intimating that if one had been interposed it should have been sustained. The youngest girl was not called as a witness. The other two girls were called as witnesses. Without going into detail it can readily be seen that the prosecution was attempting to prove, and did prove, a violation of section 288 of the Penal Code and that it did not prove, nor even attempt to prove, an assault to commit rape on the person of the little girl who was not called as a witness. On this branch of the appeal

the contentions of the defendant are wholly illogical, captious, and without merit.

Because the indictment was long the defendant contends that the trial court erred when it came to charging the jury because it did not again read to the jury counts two, four, and six. The court did not err. No statute required it to read those counts the second time. No request was made of the court asking it to read those counts the second time. There was not under any theory any error committed in this behalf.

The defendant quotes an instruction which the court gave to the jury and argues that it was erroneous. He gives us no argument and no authority supporting the contention. A court of review is not bound to build up the argument or to search out the authorities.

Commencing as early as the day of arraignment the defendant appeared by the public defender. Thereafter from time to time he appeared by the same officer. The jury having returned a verdict against the defendant on August 17, 1928, his case was called for pronouncing judgment. In reply to the question by the trial court as to whether the defendant had any cause to show why judgment should not be pronounced, the public defender announced that the defendant had no legal cause to show. Thereupon the defendant *in propria persona* commenced to make statements to the court. Instead of reprimanding him and causing him to remain silent the court allowed him to make some statements. At this time the defendant asserts that he personally stated to the trial court that he had not been informed of the day of trial until the day before the case was called, and that he had not had a fair trial—that he could have gotten some witnesses. He presented no affidavit, he did not offer to be sworn, and, furthermore, his attorney stated in open court that he had called on the defendant several times to obtain the names of his witnesses, that he had sent for the defendant's mother and sister to secure such information, and that from all those sources he had been unable to get it. The record even at this time does not disclose that there was any fact outstanding which, if it had been brought to the attention of the court, would have been of the least assistance to the defendant.

Complaint is made because the public defender did not make a motion for a new trial. Every point made by the defendant in this court is based on the assumption that a motion for a new trial was made—rests on the motion made by the defendant *in propria persona*, although that individual was guilty of contempt of court when he made the motion. The trial court listened and denied the motion. Consequently the trial court did not fail to see that the defendant's case was fully presented. The action of the public defender was clearly the proper practice and the criticism of his conduct is clearly unfounded.

We find no error in the record. The judgment and order are affirmed.

Koford, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 5, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 8, 1928.