[Crim. No. 1570. First Appellate District, Division Two.—April 28, 1930.]

THE PEOPLE, Respondent, v. JACK GAGAN, Appellant.

Jos. P. Lacey and James Wesolo for Appellant.

U. S. Webb, Attorney-General, and W. R. Augustine, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—The defendant was tried before a jury and convicted of manslaughter. He appeals on a typewritten record from the judgment and from the order denying him a new trial.

The evidence is that the defendant, while under the influence of intoxicating liquor, was operating a Chevrolet coupe along Oak Street, in the city of Oakland, at an excessive rate of speed. Other machines traveling ahead of defendant along Oak Street in the same direction had stopped near the intersection of Fourteenth Street to permit the traffic to pass on that street. At that time the deceased left the sidewalk on Oak Street and attempted to pass behind a Nash sedan, which was the last of the line of cars to stop on that street. When she was directly behind the Nash the defendant's car, without slackening its speed, crashed into the Nash, striking the deceased with such force that she died soon thereafter.

On this appeal it is said that the evidence is insufficient to support the verdict. The portion of the evidence just stated is sufficient for this purpose.

It is stated that the verdict was rendered by reason of passion and prejudice; that the trial judge erred in decisions on questions of law, and that many inadmissible and prejudicial statements were made during the course of the trial which prevented appellant from having a fair trial. We have nothing more than the mere statement that errors

occurred in this way. If counsel do not deem them of sufficient importance to state their reasons or to cite authorities we are not required to consider them. (*People* v. *McLean,* 135 Cal. 306, 309 [67 Pac. 770]; *People* v. *Meyer,* 94 Cal. App. 696 [271 Pac. 751].)

Criticism is made of a portion of an instruction given the jury. The criticism is made to appear plausible by quoting a portion of the instruction only. When the entire instruction is read it is as favorable to the appellant as he might ask. It was approved in *People* v. *Wolff,* 182 Cal. 729, 739 [190 Pac. 22].

When a portion of the testimony on behalf of the People had been heard one of the jurors became ill. It was then suggested that a new juror be selected to fill his place under the provisions of section 1123 of the Penal Code. At the request of appellant the entire jury was discharged and a new panel was called. Three of the former jurors were selected on the second panel, and it is now argued that this in some way prejudiced the appellant. But he made no objection at the time and did not exhaust his peremptory challenges. We find no error that he may assert at this time. The entire record discloses that appellant had a fair and impartial trial.

The judgment and order are affirmed.

Sturtevant, J., and Burroughs, J., *pro tem.,* concurred.