[Crim. No. 1605.   First Appellate District, Division Two.—February 5, 1931.]

THE PEOPLE, Respondent, v. ALVIN SMITH, Appellant.

Leo A. Sullivan for Appellant.

U. S. Webb, Attorney-General, and W. R. Augustine, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The district attorney filed an information against the defendant charging him with having committed three felonies: (1) An assault with intent to commit

rape; (2) an assault with intent to commit the crime of kidnaping, and (3) a charge of grand theft. The defendant appeared and pleaded not guilty. A trial was had before the trial court sitting with a jury. During the trial the second count was on motion of the district attorney dismissed. From a judgment entered on that verdict the defendant has appealed and has brought up typewritten transcripts.

The defendant claims that the evidence is insufficient to support the verdict and that the verdict was the result of prejudice. In so far as he claims prejudice he bases it on the statement that the complaining witness was a beautiful young girl, and that the defendant is not prepossessing in appearance. The record before us does not disclose the appearance of the complaining witness nor the appearance of the defendant. As to whether the evidence is sufficient or insufficient rests on the fact that there were no other witnesses than the complaining witness who saw the acts done which the complaining witness charged against the defendant. However, she took the stand and testified as to a set of facts which, if believed by the jury, entirely supported the verdict. There were some elements in the evidence on which counsel could have and doubtless did rely when arguing the case to the jury that the evidence was insufficient. But this court is quite unable to say that there was not evidence sufficient to support the verdict. We think the record brings the case well within the rule in the case of *People* v. *Tom Woo,* 181 Cal. 315, 326 [184 Pac. 389].

The acts complained of occurred on the streets in Oakland. Some of the acts occurred where the street lights were bright and the view of the complaining witness was entirely clear. The defendant's offense was committed on the first day of June, 1930. About one week later the defendant entered the theater in which the complaining witness was employed as an usherette. He was conducted to a seat and thereupon the complaining witness reported the fact of the defendant's presence to her employer. Her employer called a policeman. The policeman and the complaining witness approached within four or five feet of the defendant and in an audible voice the policeman asked the complaining witness if the person who had assaulted her was in the room and if so to go and put her hand on him.

She turned and walked up and put her hand on the defendant. The defendant made no statement to the effect that he was innocent. These facts were introduced in evidence. The defendant contends that they were inadmissible because the police officer was speaking directly to the complaining witness and she in turn was speaking directly to the police officer, and the defendant was not called upon to interrupt and make any statement. These matters were properly gone into. The objection goes to the weight, not the admissibility, of the evidence. But the power to weigh the evidence rested with the jury. (*People* v. *Ong Mon Foo,* 182 Cal. 697, 703 [189 Pac. 690].)

When instructing the jury the trial court gave, among others, an instruction on the subject of the evidence just adverted to. The defendant complains of said instruction for the same reasons that he complains of the admission of the evidence. For the reasons which we have just stated we think there was no error in giving the instruction. In other words, if the evidence was admissible, the instruction was proper. That the evidence was admissible we think is beyond dispute.

The defendant claims that under no circumstances should he have been convicted of grand theft. We are unable to agree with him. At one time when the defendant approached the complaining witness during the evening of June 1, 1930, he took from her possession a purse containing eight dollars. She testified that he did so without her consent. The purse was never returned to her. After the submission of the case, the statements of the complaining witness, the presumptions of law, and the proper inferences to be drawn from the facts legally proved were all before the jury. It is quite clear that it may not be said as a matter of law that a *prima facie* case of grand theft was not made out. The defendant took the stand in his own behalf and attempted to prove an alibi. The evidence introduced in his defense was not at all convincing.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.