[Crim. No. 243. Fourth Appellate District.—March 22, 1933.]

THE PEOPLE, Respondent, v. JOSEPH HOLMES, Appellant.

Edgar G. Langford for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendant was charged in one information with the crime of grand theft and in another information with the crime of injuring telephone lines, in violation of section 591 of the Penal Code. On motion of the district attorney the two causes were consolidated for trial, and the defendant was found guilty of the crime of injuring telephone lines and not guilty of the crime of grand theft. From the ensuing judgment and from an order denying a new trial, the defendant has appealed.

The sole ground of appeal is that the court erred in consolidating the two actions for trial, the appellant contending that this was prejudicial to him for the reason that it is probable that he would not have been convicted if tried upon the charge of injuring telephone lines alone.

It appears from the evidence, although largely from the testimony of an accomplice named Vasquez, that both were members of the Marine Corps stationed at the Marine Base at San Diego; that Holmes, an experienced telephone operator, had ascertained that certain pay stations of the Southern California Telephone Company in San Diego were opened by the company's agents on or about the 20th of each month for the purpose of removing the money accumulated therein; that Holmes proposed to rob one or more of these stations and particularly one located in Mercy Hospital in San Diego; that Holmes and Vasquez left the Marine Base on leave together, about 12 o'clock noon on August 18, 1932; that they returned together and were checked in at about 4:15 A. M. the following morning; that on leaving the Marine Base they went to Mercy Hospital where they saw an automobile with the keys in the lock; that this car belonged to a doctor who had left therein a bag containing certain surgical instruments; that Holmes told Vasquez to take the car, drive it away, change the license plates thereon and meet him later at a designated place; that Vasquez drove the car away, stole another set of license plates, put them on the car and later met Holmes at the place agreed upon;

that the two then went to the Naval Station where Holmes placed the doctor's bag in a locker he had there; that Holmes took from this locker his locker trunk and placed it in the car; that about 8 o'clock that night the two returned to Mercy Hospital, where Holmes went to the telephone booth while Vasquez remained on watch at the door; that a few moments later Holmes came out with the locker trunk in his hands and both of them carried it to the car; that they then drove to a convenient spot where Holmes broke open a coin box on a pay telephone and took therefrom approximately $23, which amount was equally divided between the two; and that the two then returned the locker trunk to Holmes' locker. There was also evidence that a pay station telephone set had been removed from Mercy Hospital, and that the bag and surgical instruments which the doctor had left in his car were found in Holmes' locker.

Following their arrest, Vasquez, who had made a full confession, was taken to Holmes and, in his presence, told the story of the commission of the two offenses about as outlined above, after which Holmes replied to the suggestion of the officers that he make a statement: ''I have nothing to say.'' This evidence tended to show an admission of the truth of the charge, the weight of which was entirely a matter for the jury (*People* v. *Ong Mon Foo*, 182 Cal. 697 [189 Pac. 690]; *People* v. *Smith*, 111 Cal. App. 579 [295 Pac. 862]).

Although appellant does not raise the question that the accomplice was not corroborated, such corroboration sufficiently appears from this evidence tending to show an admission, and from the further facts that the two left the Naval Base at the same hour, returning together the following morning at 4:15, and that the bag and surgical instruments left in the car by the doctor were found in appellant's locker. The only argument advanced by the appellant as a reason why the two offenses were not connected in their commission, within the meaning of section 954 of the Penal Code, is that several hours intervened between the taking of the car and the taking of the pay station coin box. Not only does it appear from the evidence that the two offenses were closely connected in their commission and that the taking of the car was done to facilitate the other offense, but the fact that a few hours intervened between the two

offenses neither breaks the connection nor tends to indicate that prejudice might have resulted in trying the two causes together (*People* v. *Feigelman,* 65 Cal. App. 319 [223 Pac. 579]; *People* v. *Northcott,* 209 Cal. 639 [289 Pac. 634, 70 A. L. R. 806]).

That portion of the evidence received which would have been admissible had the appellant been tried only upon the charge upon which he was convicted fully indicates that the result would have been the same in that event, and that no prejudice has resulted to appellant. After reading the transcript we are not of the opinion that any miscarriage of justice has occurred.

The judgment and order appealed from are affirmed.

Jennings, J., and Marks, J., concurred.