[Crim. No. 260. Fourth Appellate District.—April 12, 1934.]

THE PEOPLE, Respondent, v. JOHN LOGAN PIBURN, Appellant.

Edgar G. Langford for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

JENNINGS, J.—The· defendant was accused in an information filed by the district attorney of San Diego County with the commission of two offenses. The first count of the information alleged a violation by the defendant of section 288 of the Penal Code. The second count alleged a violation by the defendant of the Juvenile Court Law of the state of California. Upon arraignment the defendant entered a plea of not guilty of each of the two offenses charged and a trial of the action was had before the court and a jury selected for the purpose. The jury returned a verdict finding that the defendant was guilty of both offenses charged. Thereafter the defendant presented a motion for a new trial, which was denied, and judgment was thereupon pronounced in conformity with the verdict. From the judgment thus rendered the defendant has prosecuted this appeal.

The first contention which is advanced by appellant as a ground for the reversal of the judgment is that the evidence was insufficient to justify his conviction of the crime charged in the first count of the information, to wit: A violation of section 288 of the Penal Code. In making this contention appellant first points to the fact that, so far as the details of the alleged offense are concerned, the single witness who testified with respect to them was the prosecutrix, a girl ten years and ten months of age at the time the offense was alleged to have been committed. It is then properly conceded that the return of a verdict finding appellant guilty of the crime forecloses this court from reversing the judgment because of the claimed improbability of the testimony of this witness. It is, however, contended that, assuming that the testimony of this witness is credible in every respect and that it comprehends a true and correct narrative of the events which occurred on the date specified in the information, nevertheless it did not show that appellant had committed the specific offense charged against him. Section 288 of the Penal Code denounces as a felony the commission of any lewd or lascivious act "other than the acts constituting other crimes provided for in part (one)" of the Penal Code upon or with the body or any part thereof of a child. It is argued that assuming the truth of the testimony of the prosecutrix in its entirety it appears that appellant was probably guilty of rape, attempt to commit rape, or assault with intent to commit rape, all of which are specifically denounced in part one of the Penal Code. The inevitable result is therefore that appellant could not have been properly convicted of a violation of the aforesaid statute.

The contention thus advanced is by no means novel. Reliance has been placed upon it in numerous instances. In giving consideration to it the observation must be made that, in its support, appellant has quoted a portion of the testimony of the prosecutrix which tended to prove that he had committed one of the offenses denounced in part one of the Penal Code. He has, however, carefully refrained from calling attention to certain other portions of the testimony of this witness which tended to show the commission by him of an offense comprehended by the provisions of the above-mentioned statute. The language of the court in *People* v. *Meyer,* 94 Cal. App. 696 [271 Pac. 751], is so apropos to

the situation which is thus presented that a quotation there-from is in order. In discussing the contention of an appellant who had been convicted of a violation of section 288 of the Penal Code Justice Sturtevant said: ''Continuing, the defendant quotes certain parts of the record which would tend to prove the commission of an assault to commit rape. In doing so he neglects to quote passages from the record which tend to prove the commission of a violation of section 288 of the Penal Code. Having given a one-sided view of the evidence, the defendant makes the claim that the defendant was guilty of an assault to commit rape, if anything, and therefore by the expressed language contained in section 288 of the Penal Code he was not properly charged under that section, that the evidence was insufficient and that the verdict may not be sustained. However, as suggested above, there was evidence that the defendant violated the provisions of section 288 of the Penal Code and perhaps there was evidence that he committed an assault to commit rape. Under no logical reasoning was the latter offense a defense to the former.''

Similarly, in the instant case there was evidence which tended to prove that appellant committed an offense specifically denounced by some provision of part one of the Penal Code. This cannot serve as a defense to the charge that he committed an offense in violation of section 288 of the Penal Code, if the record contains evidence tending to prove a violation of the specified statute. Certainly, it is not impossible that a person may at the same time commit two or more criminal offenses. It must be borne in mind that the specific intent with which an act is done is usually an important and essential element of a crime. Indeed, the intent is often the determinative factor.

The specific intent which must appear in the crime of rape is the intent to accomplish an act of sexual intercourse. This same intent is likewise an essential element of the cognate offenses of attempt to commit rape and assault with the intent to commit rape. Whether this specific intent appears in a given case is obviously a question of fact for the determination of the jury. The evidence respecting this fact may be and often is conflicting. Since the verdict in the instant case was against the appellant it is evident that the jury believed that the evidence showed the presence of

an intent to violate the provisions of section 288 of the Penal Code. Under these circumstances, the verdict is binding upon a reviewing court unless it can be declared that the record shows the absence of any evidentiary support for the jury's finding that appellant intended to violate the aforementioned statute (*People* v. *Jori*, 99 Cal. App. 280 [278 Pac. 250]).

Careful examination of the record produces the conviction that it may not be said that there is an absence of evidentiary support for the jury's finding that appellant possessed an intent to violate the specified statute. The prosecutrix testified that she was in appellant's home for several hours on the date specified in the information and that some time prior to the commission by appellant of the acts which appellant claims constituted some offense denounced by part one of the Penal Code, he placed his hands on her breasts. She also testified that at another time during her visit and prior to appellant's commission of the acts which it is said constituted rape, attempted rape, or an asault with intent to commit rape, he put his arms around her. Undoubtedly, the jury would have been warranted in finding that when appellant placed his hands on the child's breasts and when he put his arms around her, he did so with the intent then and there to have carnal connection with her. "But the existence of that specific intent at those particular moments is not the only possible conclusion which may reasonably be deduced from the circumstances of this case. The jury may well have concluded that at this stage of his dastardly conduct appellant intended only to fondle his victim as a means of gratifying his lustful passions, and that later emboldened by his success and further inflamed with passion, he conceived the nefarious intent to penetrate her body. The jurors who saw appellant, and thus had an opportunity to judge the character of his perverted instincts, were in a position to determine the nature of the intent which actuated him to fondle the girl in the manner he did" (*People* v. *Parker*, 74 Cal. App. 540, 548 [241 Pac. 401, 404]). By its verdict the jury determined that the intent which was present in appellant's mind was the particular intent which is so plainly stated to be an essential element of the crime denounced by section 288 of the Penal Code. One who is permitted to review only the cold record cannot fairly declare

that the jury which had the opportunity of first-hand observation of appellant, his appearance, and the manner in which he testified, made an incorrect finding as to this fact.

Appellant complains that the trial court erroneously admitted evidence which showed that in the presence of a number of police officers, the parents of prosecutrix, the prosecutrix, a stenographer, and appellant, the prosecutrix was asked by one of the officers to state whether anything took place on any one of the various visits which she had made to appellant's home, whereupon she related substantially the same story which she told when called as a witness during the trial and that appellant in the face of this accusation remained mute. It is objected that the reception of this evidence was improper and highly prejudicial to appellant because it appears that on the above-mentioned occasion he was asked no questions, was not asked if he had anything to say upon the conclusion of the accusatory statement made in his presence by the prosecutrix, and was allowed no opportunity to make any statement. It is urged that the trial court's determination that the accusatory statement thus made by the prosecutrix was made under circumstances which called for a reply by appellant was erroneous and that the affair took on the aspect of a "third degree" more treacherous and far more subtle than those which have heretofore received the condemnation of courts generally.

Appellant's complaint with respect to the admission of the aforesaid evidence is not persuasive. The question of whether or not the facts in a given case are such as to permit the introduction of an accusatory statement made in a defendant's presence and his reaction thereto is primarily a question for the determination of the trial court (*People* v. *Byrne,* 160 Cal. 217, 234 et seq. [116 Pac. 521]; *People* v. *Kelly,* 203 Cal. 128, 138 [263 Pac. 226]; *People* v. *Rhinehart,* 79 Cal. App. 499, 502 [250 Pac. 203]). We think the record shows that the evidence was sufficient to support a conclusion by the trial court that it, *prima facie,* showed that the accusatory statement was made in appellant's presence and hearing, that appellant understood its meaning, that it was one that might under all the circumstances shown be held naturally to call for some action or reply on his part, and that opportunity was not wanting for him to make a reply. This being so, the evidence was admissible as tending

to show an admission by appellant, the question of its weight in that respect being purely a question for the jury (*People* v. *Byrne, supra; People* v. *Smith,* 111 Cal. App. 579 [295 Pac. 862]).

■ Appellant further complains that the trial court sustained an objection by the prosecution to a certain question propounded to the mother of the prosecutrix on cross-examination. This witness had testified on direct examination that the prosecutrix on a certain date had complained to her of appellant's conduct on the date specified in the information. Appellant's counsel on cross-examination asked the witness if prior to the date of the complaint, appellant had not warned her that the prosecutrix was engaging in acts of sexual intercourse with a certain individual. It is urged that the court erred in sustaining an objection to the question because, in view of the equivocal nature of the testimony of the witness regarding the complaint made by the prosecutrix, it seems reasonable that the jury might well have given less credence to the testimony of the prosecutrix if they had been permitted to learn that she had made no complaint of appellant's conduct until after she herself had been accused by appellant of sexual misconduct with another person.

This complaint is entirely without merit. The inquiry was not proper cross-examination. The subject matter of the question was wholly immaterial to the issue of appellant's guilt or innocence of the charge made against him. The obvious purpose of the inquiry was to divert the minds of the jury from the real issue in the case. The court's action in sustaining the objection to the question was proper and appellant has no valid cause for complaint.

■ Appellant's final contention is that the trial court gave the jury a specified instruction which embodied an incorrect statement of law and which was highly prejudicial to appellant. This instruction is in the following language:

"Some confusion may arise. Should the evidence justify it so that you would want to find the defendant guilty of the first count and not guilty of the second count, or not guilty of the first count and guilty of the second count, should you do that your verdicts would be inconsistent verdicts due to the fact that the same acts are charged in the first count as are charged in the second count and which go to make out the second count, that of violating the Juvenile Court Law.

So if you find the defendant not guilty on the first count, and guilty on the second count, it would be an inconsistent verdict, because the same acts go to make up the two counts. So if you find the defendant guilty of the first count, and you also feel he is guilty of the second count, you may return a verdict of guilty on both counts, or you may return a verdict of not guilty on both counts; but do not interchange them.''

It is urged that, under the facts developed by the evidence, the above-quoted instruction was incorrect and misleading for the reason that the facts which are specifically alleged in the two counts of the information as those which constituted the two offenses are not identical. Since this is true, the jury might well have found that certain facts alleged in the second count and not alleged in the first count had been established by the evidence and therefore that appellant was guilty of the offense charged in the second count, but that the facts set forth in the first count had not been proven and that therefore appellant was not guilty of the offense charged in count one. Nevertheless, the criticised instruction plainly advised them that a verdict of acquittal on the first count and one of conviction on the second count would be inconsistent ''because the same acts go to make up the two counts''. Intelligent consideration of this contention necessitates an examination of the information.

In the first count of this accusatory pleading appellant is charged with the crime of committing lewd and lascivious acts upon the body of a child. This count then sets forth a detailed description of the acts which the pleader alleges constituted the crime. It is specifically stated therein that on the date mentioned appellant placed his ''private parts against the body, parts, and private parts of said child'' and that these acts were committed with the intent of arousing, appealing to and gratifying the lust and passions and sexual desires of appellant and of the child. In the second count appellant is charged with the crime of violation of the Juvenile Court Law of the state of California. This count then proceeds to set forth a detailed description of the various acts which the pleader alleges were committed by appellant and which constituted the specific offense charged in said count. It is therein plainly stated that on the same date mentioned in the first count appellant ''did then and there

propose to, and attempt to cause, encourage and induce said Lois Piburn to engage in an act of sexual intercourse with said defendant and said defendant did then and there place'' his private parts against the body and private parts of said Lois Piburn.

It is manifest that the acts which are specifically alleged in the two counts as having been committed by appellant and as constituting the two offenses charged are not in every respect identical and that in the second count there is contained an allegation which, if alone proven, would have justified a verdict of conviction of the offense charged in the second count, but would not alone have justified a verdict of conviction of the offense charged in the first count. This allegation is that wherein it is alleged that appellant solicited the child to engage in an act of sexual intercourse with him. In addition it must be noted that there was evidence from which the jury might have found that this particular act was committed. Under these circumstances we think that the trial court erred in giving the criticised instruction.

There remains for consideration the question of whether or not the error thus committed is of sufficient importance to require a reversal of the judgment. It is our opinion that the error is not such as to require or to justify a reversal. The record shows that only two witnesses testified during the trial regarding what took place on the date specified in both counts of the information. These witnesses were the prosecutrix and appellant. The prosecutrix testified that she went to appellant's home on the date mentioned and that she remained there for several hours; that on the occasion of this visit appellant solicited her to engage in an act of sexual intercourse; that she refused; that appellant at one time during this visit placed his hands on her breasts and at another time put his arm around her; that without penetrating her person he committed the acts specifically alleged in count one of the information. Appellant specifically and absolutely denied having committed any of the acts which the prosecutrix had testified he had committed or that he had solicited her to engage in an act of sexual intercouse with him. With the record in this state it would be unreasonable to presume that the jury believed that part of the testimony of the prosecutrix which related to appellant's soliciting her to engage in an act of sexual intercourse and

rejected those portions which related to the commission by him of those acts which constituted the offense charged in the first count of the information. The only reasonable presumption, and that in which we feel bound to indulge, is that the jury accepted *in toto* the testimony of the prosecutrix and accordingly returned its verdict convicting appellant of both offenses.

Finally, an examination of the entire record herein has produced the firm conviction that appellant suffered no prejudice by reason of the giving of the criticised instruction and that the error complained of has resulted in no miscarriage of justice (sec. 4½, art. VI, Constitution of California).

The judgment from which this appeal has been taken is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.