[Crim. No. 177. Fourth Appellate District.—January 21, 1935.]

THE PEOPLE, Respondent, v. FRANK AGULLANA, Appellant.

J. M. Lopes for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendant was charged with the crime of lewd and lascivious conduct alleged to have been committed upon and with a girl twelve years of age. According to the evidence received the offense charged in the first count of the information was committed at the home of the mother of the girl on or about September 14, 1934, and the one charged in the second count occurred in an automobile parked on a lonely road on or about September 2, 1934. A jury found the defendant guilty on both counts and from the judgment which followed this appeal is taken.

The first point raised is that the evidence is not sufficient to support the judgment. It is unnecessary to review the evidence, but the story told by the prosecuting witness, if believed by the jury, was amply sufficient to sustain the verdict as to each count. Her testimony as to what occurred on September 14th was fully corroborated by the testimony of her father, who testified that he observed the incriminating acts while looking in at a window, having gone on that occasion to the home of his estranged wife for the purpose of seeing what was going on there. The main attack on the sufficiency of the evidence, in so far as the offense charged in the first count is concerned, is directed to its claimed inherent improbability, since the mother of the child was in the house at the time. There is evidence that the mother was in the kitchen of the home for a considerable part of the time in question and it fully appears that during the time she was in the kitchen it was physically impossible for her to see what occurred at the point where, according to the evidence, the offense took place. It is also urged that certain testimony to the effect that the father of the girl had told the witness that he would swear to anything in order to send the defendant to San Quentin demonstrates that the entire case was a frame-up. The witness who gave this testimony was rather effectively impeached, and the making of the statement was denied by the father. While the usual conflict appears, the entire question was one of fact for the jury.

█ In connection with the evidence it is further argued that if the story told by the prosecuting witness be accepted as true, the appellant was guilty of an attempt to commit rape and not of the offense with which he was charged. This contention relates only to the offense involved in the second count of the information and only to a part of the testimony of the prosecuting witness relating thereto. In making this contention, other portions of her evidence which support the charge here made are entirely disregarded. The fact that the appellant may have been guilty of still another offense is certainly no defense to the charge upon which he was tried (*People* v. *Meyer*, 94 Cal. App. 696 [271 Pac. 751]; *People* v. *Piburn*, 138 Cal. App. 56 [31 Pac. (2d) 470]).

█ Some contention is made that the prosecuting witness was an accomplice and that sufficient corroboration does not appear. Not only was the prosecuting witness not an accomplice within the meaning of the statute relied upon (*People* v. *Vaughan*, 131 Cal. App. 265 [21 Pac. (2d) 438]; *People* v. *Johnson*, 115 Cal. App. 704 [2 Pac. (2d) 216]), but there was ample corroboration in so far as the first count is concerned and some corroboration as to the offense charged in the second count.

█ Several points are raised with respect to rulings on the admission of evidence. It is said that the court erred in sustaining objections to two questions asked of witnesses on cross-examination. Both of these questions were asked for the purpose of impeaching the witness on an immaterial matter, and the fact sought to be brought out by each was fully and completely disclosed by other evidence.

█ In another instance, it was brought out on cross-examination that the prosecuting witness had made a statement at the preliminary hearing which was contrary to a statement made by her at the trial. She was then asked what caused her "to answer the opposite way before the jury today", and an objection was sustained. It is now claimed that this ruling was error under section 2052 of the Code of Civil Procedure. That section permits an impeachment by a showing that inconsistent statements had been made, which was done here. The appellant had the benefit of this and the reason why the discrepancy occurred is neither material nor essential. Any failure to explain the

inconsistency would react to the benefit of the appellant, and no prejudice could result. ▮ Complaint is also made of the refusal of the trial court to strike out a portion of the answer of one witness to a question asked of him. While we think the matter might better have been eliminated, the proper ground was not stated in asking that it go out and in any event the matter was so trivial that it could not have affected the verdict.

▮ The appellant's final contention is that the court erred in refusing to give two instructions asked for by him. The first of these is to the effect that in a case of this character a jury should carefully scan the testimony of the prosecuting witness and view the same with caution. The second instruction is very similar but contains the further charge that ''you and each of you'' should carefully scan such testimony. In *People* v. *Anthony,* 185 Cal. 152 [196 Pac. 47], after pointing out that it has been said in some cases of this character that a court may properly instruct the jury that they should carefully scan the testimony of the prosecuting witness before reaching a conclusion that the defendant is guilty, the court holds that error cannot be predicated upon a refusal to give such an instruction. This is peculiarly true in a case such as the one now before us where the story of the prosecuting witness is corroborated by other testimony. It further appears that in addition to all of the usual and general instructions on the duty of jurors as judges of the facts the jury was here particularly instructed that each juror must decide the case for himself after a full consideration of all of the testimony and without surrendering his honest convictions in order to agree with the opinion of other jurors.

After a careful examination of the entire record we find no reversible error therein. The judgment is affirmed.

Marks, J., and Jennings, J., concurred.