[Crim. No. 1822.   Third Dist.   July 16, 1943.]

THE PEOPLE, Respondent, v. GEORGE PARIS, Appellant.

Alphonse Matthews and O. F. Meldon for Appellant.

Robert W. Kenny, Attorney General, and T. G. Negrich, Deputy Attorney General, for Respondent.

ADAMS, P. J.—Appellant was charged with a violation of section 288 of the Penal Code, the charge being that on November 20, 1942, in Sacramento County, he did "willfully and unlawfully and feloniously place his hands upon and fondle the private parts of" a child of the age of seven years "with intent then and there of arousing, appealing to and gratifying the lust and passion and sexual desire of said George Paris," etc. He was found guilty as charged, and, his motion for a new trial having been denied, was sentenced to be imprisoned in the state prison for the term provided by law. On this appeal he contends that the verdict is entirely unsupported by the evidence in that the evidence shows that the crime committed was not that charged in the information but was in fact rape, that while rape is lewd and lascivious conduct it is not the kind of lewd and lascivious conduct charged, and that there was not only a failure of proof, but a fatal variance between the charge and the evidence.

A similar contention was made in *People* v. *O'Donnell,* 11 Cal.2d 666 [81 P.2d 939], where the defendant was charged with lewd and lascivious conduct under section 288 of the Penal Code, and, in a second count, with rape. On his conviction on both counts he was sentenced to San Quentin on the charge of violating section 288, but, because of a recommendation of the jury on the rape charge, was sentenced on that count to imprisonment in the county jail, the sentences to run concurrently. On appeal it was conceded that the evidence supported the conviction on the rape charge but it was contended that it was insufficient to support the other. There the

victim of the offense was a child of the age of three years, and the proof that she had been raped and that defendant had committed the offense was physical evidence. The court said, p. 669:

"It is difficult to understand why the jury, having found defendant guilty of rape, could have made the recommendation it did. It is admitted that the evidence is sufficient to sustain that charge, but it is claimed there is no evidence tending to show that appellant violated section 288 of the Penal Code. In this connection it is claimed that the lewd and lascivious acts were part of and became merged in the rape charge, for which reason appellant could not be punished under the provisions of section 288 of the Penal Code. The fact that appellant was convicted upon the charge of rape does not necessarily prevent him from being punished under section 288 for any of the acts committed prior thereto. If any one of the antecedent acts of lewd and lascivious conduct was committed without the intent to commit rape, but simply to gratify appellant's lustful passion, and then later, emboldened by his success and further inflamed with passion, he conceived the further nefarious intent to penetrate the body of the child, the antecedent acts prior to the rape are punishable under the section involved." Citing *People* v. *Parker*, 74. Cal.App. 540 [241 P. 401]; *People* v. *Lind*, 68 Cal.App. 575 [229 P. 990]; *People* v. *Bronson*, 69 Cal.App 83 [230 P. 213]; *People* v. *Agullana*, 4 Cal.App.2d 34 [40 P.2d 848]; *People* v. *Meyer*, 94 Cal.App. 696 [271 P. 751]; *People* v. *Piburn*, 138 Cal.App. 56 [31 P.2d 470].

In the Parker case the court said that while under section 288 as it then read, defendant could not be punished for rape, it did not necessarily follow that he could not be punished under section 288 for the lewd and lascivious acts leading up to the rape.

In *People* v. *Bronson, supra,* this court said that "All that is required to complete the crime defined by section 288 of the Penal Code is that the acts committed on the body of a child under the age of fourteen years are of lewd or lascivious character and that the intention of the party committing them was thus to excite or arouse the sexual passion or desires of such party or of the party upon whose body they are committed or of both."

Appellant argues that because the testimony of the

physician who examined the child showed the use of force in the commission of the crime, resulting in severe injury to the victim, defendant could not have been guilty of acting as charged in the information. As he expresses it in his brief, ''From the injuries described by the Doctor one would be led to infer they resulted from the attack of a ferocious beast rather than from the fond and caressing touch of a kindly disposed spirit, regardless of what the purpose was.'' However, in the O'Donnell case above cited the circumstances were held sufficient to support a conviction under section 288 where the results were similar to those shown in this case and where there was no evidence as to the preceding acts of defendant. Here there is evidence that defendant took the child in his arms and carried her into the building and to the room therein where his purpose was accomplished, and there placed her upon the springs of a bed. As she then became unconscious she could give no testimony as to what subsequent acts defendant performed in the consummation of the crime; and while the evidence would have supported a charge of statutory rape, that fact does not absolve defendant from the crime charged, and he suffered no injury because the information did not so charge. While a crime may be committed under section 288 without its amounting to rape, it seems impossible that rape may be committed upon a child under the age of fourteen years without thereby violating the provisions of section 288.

Appellant also attacks the judgment on the ground of insufficiency of the evidence. An appellate court cannot disturb the findings of the triers of fact unless it be made clearly to appear that upon no hypothesis is there sufficient substantial evidence, circumstantial or otherwise, to support the conclusion reached in the lower court. (*People* v. *Stangler*, 18 Cal.2d 688, 692 [117 P.2d 321].) Here there is ample credible testimony to support the verdict of the jury.

The judgment and the order denying a new trial are affirmed.

Peek, J., and Thompson, J., concurred.