[Crim. No. 3327. Third Dist. Apr. 17, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. LEWIS D. COGAR, Defendant and Appellant.

510

Tebbe & Correia and James Kleaver for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Edward A. Hinz, Jr., Deputy Attorney General, for Plaintiff and Respondent.

PIERCE, J.—This is an appeal from an order denying a motion for a new trial and from a judgment entered upon a jury's verdict which found appellant guilty of violation of Penal Code section 261, subdivision 1 (statutory rape), violation of Penal Code section 286 (sodomy) and violation of Penal Code section 288 (child molestation). Appellant, however, limits his argument to the alleged insufficiency of the evidence to support the verdict on the counts charging sodomy and child molestation. Our review of the record convinces us the evidence was abundantly sufficient on all three counts.

The victim is the 12-year-old stepdaughter of appellant. She testified to a total of 20 acts of sexual intercourse with appellant, the first of which she stated was with the approval of her mother. (The evidence indicates other acts also.) Five of these acts, she said, had occurred in Hornbrook, Siskiyou County, the county of venue. She testified to other incidents in Yreka when she voluntarily would go into the front room of the home and get into bed with her stepfather.

One act, the next to the last apparently, occurred in the family home in September 1961, commencing with an act of normal intercourse, but climaxed by the act of sodomy.

Appellant admitted this act of sexual intercourse both in testifying in his own behalf at the trial and in a statement previously given to a police officer. He fixed the approximate date as being three weeks before he was arrested. This is the act relied upon to prove the count of statutory rape.

A physician, Dr. Martin, who had examined the child Octo-

ber 3, 1961, found sperm in her vaginal tract, indicating an act of sexual intercourse within two or three days before the date of his examination. The child denied any act of sexual intercourse other than with appellant.

Appellant in testifying denied the act of sodomy, but admitted he had confessed to the act to Undersheriff James Berrian, his statement having been taken by a stenographic reporter and transcribed. It was read in evidence. In the statement appellant described the act in detail without any leading whatever by the questioning officer. Appellant's explanation at the trial of the assertedly erroneous self-accusation was that when the transcript of the statement was read back to him: ''I was mixed up and I didn't have my glasses with me, and I couldn't hardly read the stuff.''

 In support of the charge of molestation the prosecution introduced the testimony of Undersheriff Berrian that he had observed appellant and the stepdaughter drive up to the courthouse; that at that time she was sitting ''much too close to the defendant'' and had ''her left hand resting on the inside of his right thigh.'' In addition to this incident, however, there were the other acts of sexual intercourse and testimony of the two being in bed together related by the stepdaughter. Moreover, appellant in his extrajudicial statement told of three times (''I guess'') when the family resided in Yreka that he had had sexual intercourse with the child, during which occasions, he said, his wife was either present or passing through the room. He also stated his wife had encouraged this.

On this evidence appellant, as stated above, has abandoned all contention that the evidence was insufficient to prove sexual intercourse. (Appellant admitted at least 10 acts in his testimony at the trial.) The contention that the evidence insufficiently establishes sodomy centers upon contradictions in the testimony of the 12-year-old child. She did, however, on several occasions testify descriptively to the act of sodomy accompanying the act of sexual intercourse in September. It is true that on cross-examination the following is in the record: ''Q. . . . [I]sn't it true that he never did insert his private parts into your rectum? A. Will you read that again? (Reporter reads question) THE WITNESS: Yes, that's true. MR. KLEAVER: Q. He did not insert it into your rectum?'' Nevertheless, both on redirect examination and on cross-examination the child again testified unequivocally that appellant had committed an act constituting sodomy. It may

be doubted, therefore, whether the contradiction noted above was anything more than confusion with syntax. In any event, resolution of the inconsistent statements was for the trier of facts. The child's testimony established the corpus delicti and reasonable persons could have been convinced to a moral certainty and beyond reasonable doubt that sodomy took place —particularly when appellant's extrajudicial statement fully corroborated the stepdaughter's testimony.

 The evidence of molestation principally relied upon by the prosecution was insufficient to support a finding of lewd and lascivious conduct under Penal Code section 288. As stated in one of the cases relied upon by respondent:

". . . The corpus delicti of the crime consists of (1) any lewd or lascivious act upon any part of the body, (2) of a child under the age of fourteen years, (3) with intent of arousing, appealing to or gratifying the lust or passions or sexual desires of either the perpetrator or of such child." (*People* v. *Nothnagel,* 187 Cal.App.2d 219, 225 [9 Cal.Rptr. 519].)

". . . An act that has the outward appearance of innocence is sufficient if intended to arouse or gratify sexual desires in the child or the defendant, since in all cases the purpose of the perpetrator in touching the child is the controlling factor." (*People* v. *Piccionelli,* 175 Cal.App.2d 391, 394 [346 P.2d 542].)

In the instant case respondent concedes that appellant did not touch the child and there is no evidence that he requested her to place her hand on his thigh or to sit close to him. Consequently, that incident will not support the conviction of molestation. However, we agree with respondent's contention that the evidence of acts of sexual intercourse between appellant and the child, other than the act upon which the conviction of statutory rape is founded, which evidence is related above and which presents a dismal and sordid picture of lewdness, depravity and child-corrupting, supports the conviction of violation of Penal Code section 288. (*People* v. *Paris,* 59 Cal.App.2d 699, 700-702 [139 P.2d 671] ; *People* v. *Stampher,* 168 Cal.App.2d 579, 580-581 [336 P.2d 207].)

The order and the judgment appealed from are affirmed.

Peek, P. J., and Schottky, J., concurred.