[S. F. No. 2669. Department One.—March 18, 1901.]

## D. B. McDONALD, Respondent, v. CORNELIUS M. LEE et al., Appellants.

APPEAL — DISMISSAL — NOTICE FILED TOO LATE. — Where the notice of appeal from a judgment and from an order denying a new trial was filed more than six months after the entry of the judgment, and more than sixty days after the entry of the order, both appeals must be dismissed.

ID. — SERVICE — DEPOSIT OF NOTICE IN MAIL. — The fact that the notice of appeal was served in time, and was deposited in the mail for filing on the day of service, cannot preclude the dismissal, where the notice was in fact filed one day too late.

ID. — SERVICE BY MAIL — EXTENSION OF TIME — CONSTRUCTION OF CODE. — Section 1013 of the Code of Civil Procedure, providing for an extension of time to the adverse party where service is made by mail, does not authorize any extension of the time within which a paper may be filed or served upon the adverse party.

MOTION to dismiss an appeal from a judgment of the Superior Court of Alameda County and from an order denying a new trial.  F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

G. H. Perry, for Appellants.

Haven & Haven, for Respondent.

THE COURT.—Motion to dismiss the appeal, upon the ground that it was taken after the time allowed by law.

The judgment appealed from was entered February 26, 1900. and the order denying a new trial was entered in the minutes of the court, November 16, 1900.  The notice of appeal therefrom was filed January 16, 1901, more than six months after the entry of the judgment, and more than sixty days after the entry of the order.  The appellants seek to sustain the appeal by showing that the notice of appeal was served upon the respondent in San Francisco on the fifteenth day of January, and deposited in the post-office at San Francisco on the same day, directed to the clerk of the superior court of Alameda County, where it was filed the next day.

Section 940 of the Code of Civil Procedure declares that an appeal is taken by filing the notice with the clerk and serving a similar notice upon the adverse party; and section 1013 provides that where service is made by mail, if the adverse party may exercise a right within a certain number of days after such service, the time within which such right may be exercised is extended one day for every twenty-five miles of the distance between the place of deposit and the place of address. This section, however, does not authorize any extension of the time within which a paper may be filed, or within which the service of a paper may be made upon the adverse party.

The motion is granted, and the appeals are dismissed.