[Crim. No. 3155.   Second Appellate District, Division One.—April 21, 1939.]

THE PEOPLE, Respondent, v. NICHOLAS P. CHRISTEN-
SEN, Appellant.

S. W. Thompson for Appellant.

Earl Warren, Attorney-General, and Burdette J. Daniels,
Deputy Attorney-General, for Respondent.

DORAN, J.—This is an appeal from the judgment and
from the order denying the motion for a new trial after a
verdict of guilty on four counts, two of which were based
on section 288 of the Penal Code and two counts on section
261 of the Penal Code.

The defendant, a married man 51 years of age, was by
occupation an auto trimmer.  His hours of work were from
5 o'clock in the evening until 1:30 o'clock in the morning.
His wife, who was also employed, worked from 9 o'clock in
the morning until 5 o'clock in the evening.

The home of the defendant and the home of the prosecu-
trix were about two blocks apart.  The prosecutrix, a girl
13 years of age, testified that she first met the defendant as

she was passing in front of his home, at which time her attention was attracted to a kite entangled upon the rear bumper of defendant's car. She asked the defendant for the kite, which he gave her. He then took her by the hand, and at his request she entered his home, where she remained about an hour. Upon this first visit the defendant held her on his lap and talked with her, gave her sixty cents and asked her to return. A day or so later upon her return from school she visited the defendant, at which time the alleged acts occurred. He again gave her sixty cents and told her to return, which she did on another day shortly thereafter, when similar acts occurred. She testified that her return to the defendant's home on several occasions was for the purpose of getting the money that the defendant gave to her.

Fred M. Hash, a witness for the prosecution, testified that he lived on one side of a duplex, the other side of which was occupied by the defendant; that he (Hash) was ill at home with a cold during the last week in April and the first week in May, 1938; that he saw the prosecutrix enter the defendant's house on April 27th at about 3:30 o'clock in the afternoon; that he saw her enter the house again on April 29th and on May 2d, at the same time of the day; that a partition separated his bedroom from the defendant's bedroom; that on one of these times when he saw the prosecutrix go into the house he had occasion to go into the closet in his own home to hang up his little girl's coat, and that he heard the prosecutrix "whining or crying or moaning"; that he reported the matter to the police department on May 2d.

According to the testimony of police officers the defendant admitted that the prosecutrix had been in his home on several occasions and that he had given her money.

The offenses are alleged to have been committed on April 29, and on May 2, 1938.

Appellant contends, in substance, that the evidence is insufficient to support the verdict, and in that connection urges that the statements in the testimony of the prosecutrix were "incredible" and "unreasonable"; that the jury, as indicated by their verdict of not guilty on certain of the counts set forth in the information, disbelieved the story of the prosecutrix, and that the verdict was therefore a compromise verdict.

 Appellant's contention that the testimony of the prosecutrix is incredible and unreasonable is based largely on the fact, as the record reveals, that the prosecutrix became somewhat confused at times as to dates, principally as to what occurred on April 27th. The importance of the alleged confusion on the part of the witness is exaggerated, for the testimony, when taken as a whole, at once refutes its characterization as incredible.

The evidence is sufficient to support the verdict. The fact that the defendant was adjudged guilty on some counts and not guilty on others, under the circumstances, gives rise to no suspicion that the action of the jury was a compromise. The uncertainties about which appellant complains might well account for the verdicts as returned.

It is also contended that the court erred in refusing to give certain instructions tendered by the defendant. From an examination of all of the instructions given, together with those referred to by appellant as having been refused, it is evident that there is no merit to this contention.

The judgment and the order denying the motion for a new trial are, and each of them is, affirmed.

York, P. J., and White, J., concurred.