[Crim. No. 4359. In Bank.—October 3, 1941.]

THE PEOPLE, Respondent, v. RUDOLPH STANGLER, Appellant.

Walter C. Harbert, S. C. Stoner and Stanley Visel for Appellant.

Earl Warren, Attorney General, and Gilbert F. Nelson and Bayard Rhone, Deputies Attorney General, for Respondent.

SHENK, J.—The defendant was charged in two counts with statutory rape (Penal Code, section 261), and in two additional counts with violation of section 288 of the Penal Code. A jury found him guilty on the first two charges, recommending imprisonment in the county jail, and not guilty on the other charges. He has appealed from the judgment of conviction and from the order denying his motion for a new trial.

The defendant, born in Hungary, was 56 years of age at the time of the trial, and had become a naturalized citizen of the United States. The prosecutrix was a girl of ten years who lived with her widowed mother and two brothers in the same block in Los Angeles where the defendant, his wife and daughter, maintained their residence. The prosecutrix' mother operated a beauty shop near her residence. The defendant, a carpenter and cabinet maker, was not continuously employed and spent part of his time working about his own place.

The information charged an act of rape upon the prosecutrix on or about July 1, 1940, another similar act on or about September 17, 1940, and acts of lewdness on the same dates. ■ The prosecutrix testified that ten or eleven acts had been committed in a similar manner; that the defendant had invited her to come in and see his new rugs, or his new furniture; that he took or shoved her through the front door and into a bedroom and placed her crosswise on a double bed; that he exposed himself and placed her feet on his shoulders, the defendant remaining in a standing position "sort of bentover"; that he "kind of laid on her," and that he hurt her. Her childish vocabulary descriptive of further details indicated sufficient penetration to support the charges of rape. (Section 263, Penal Code.) He told her not to tell her mother. The prosecutrix further testified that on one occasion fixed by her as four days before the Fourth of July, 1940, the defendant had given her a five cent piece; that on another occasion, fixed as the Friday before the opening of the fall term of school on September 9, 1940, he had given her fifty cents, and that she spent the money and did not tell her mother.

The prosecutrix received other gifts from the defendant, including old clothes and old rugs. The prosecutrix' mother knew that these gifts had come from the Stanglers, but was unaware of any improper conduct on the part of the defendant. The prosecutrix made no complaint to her mother or to anyone else, and confided in no one except one of her young girl friends who had since moved from the neighborhood. No blood or other evidence on her clothes or otherwise was ever noticed by the prosecutrix or by her mother. The defendant admitted having seen the prosecutrix and her little brother and other children around his place frequently; that he gave the prosecutrix some old clothes and old rugs, and gave her and other children "different little articles"; but he denied any acts of misconduct or the gift of any money to the prosecutrix or any other children. He testified that he saw the prosecutrix with other children on July 1st, but that his wife was home on her vacation from July 1st to 15th. He accounted for his whereabouts during Monday and Tuesday, September 9th and 10th, but offered no testimony as to his whereabouts on the preceding Friday. There is evidence that the defendant's wife on two occasions chased the prosecutrix off the premises and told her to keep away, but that nevertheless the prosecutrix and other children returned frequently. The medical testimony was that the prosecutrix' hymen was ruptured and dilated but not sufficiently to permit complete penetration.

█ The defendant contends first that the testimony of the prosecutrix was so inherently improbable, incredible and incongruous as to require a reversal of the order denying his motion for a new trial. He relies on the case of *People* v. *Ogden*, 41 Cal. App. (2d) 447, 457 [107 Pac. (2d) 50], and the following language quoted therefrom: "Before we are authorized to say that the testimony of the prosecutrix herein bears upon its face the brand of inherent improbability and is unbelievable *per se*, we must be warranted in concluding that what she testified to would seem impossible to have taken place under the circumstances described by her." He contends that the prosecutrix' description of what took place was a physical impossibility, rendering her testimony incredible as a matter of law. However, the jury and the trial court had the defendant and the prosecutrix before them. Any doubt as to whether the

acts described were physically impossible was resolved against the defendant by the jury and by the trial court on the motion for a new trial. It was also said in *People* v. *Ogden, supra,* citing *People* v. *Newland,* 15 Cal. (2d) 678 [104 Pac. (2d) 778], and *People* v. *Gidney,* 10 Cal. (2d) 138 [73 Pac. (2d) 1186], that an appellate tribunal cannot disturb the findings of the triers of fact unless it be made clearly to appear that upon no hypothesis is there sufficient substantial evidence, circumstantial or otherwise, to support the conclusion reached in the lower court. In that case the judgment of conviction and the order denying a new trial were affirmed. As summed up by the trial court on the denial of the motion for new trial in the present case, there was neither evidence nor display of ill feeling between the Stanglers and the prosecutrix' family, and any unusual circumstances described by the prosecutrix could, in the minds of the jurors, tend to add to rather than detract from her credibility as a witness.

█ The defendant also relies on some inconsistencies and contradictions in the prosecutrix' testimony relating to the dates of the occurrences. He urges that they should have been fixed definitely to give him an opportunity to establish an alibi, relying on *People* v. *McCullough,* 38 Cal. App. (2d) 387 [101 Pac. (2d) 531]. That case, however, is not availing where it is shown, as in the present case, that the occurrences which form the basis of the charges stated in the information were fixed with sufficient definiteness. The prosecution was relying on but two of the ten or eleven acts mentioned by the prosecutrix, the one occurring about four days before the Fourth of July and the other the Friday before the opening of school on September 9th. The defendant had an opportunity to refute them by testimony that he was elsewhere at the times in question; but he failed to account for the manner in which he spent his time on either of those occasions. It has been held that confusion or discrepancies as to dates is not alone sufficient to support a characterization of the prosecutrix' testimony as incredible as a matter of law. (*People* v. *Christensen,* 32 Cal. App. (2d) 380 [89 Pac. (2d) 1095].) On the record here presented the question whether the prosecutrix' confusion in the matter of dates affected her credibility was a question for the jury to determine. █ In this connection the defendant also

makes the contention that the trial court erred in giving an instruction to the jury which stated in effect that proof of a charge committed "on or about" a certain date is sufficient if it be shown to have been committed within the three year period of limitations. Standing alone, without proof of any definiteness regarding the time of the occurrences, such an instruction might be serious error. But in this case the two dates were fixed with sufficient definiteness to afford the defendant ample opportunity to refute them by proof of an alibi. Also, the court further instructed the jury that where several acts were relied on, proof of the first two acts must be presumed to be the acts relied on by the prosecution. There was no error in the instruction.

▪ The defendant assigns as prejudicial error the failure of the court to give a cautionary instruction to the jury, that is, an instruction in effect warning the jury of the danger of a conviction on testimony of a prosecutrix not sustained by corroborating circumstances. The defendant did not request such an instruction, but he contends that nevertheless the court should so have instructed the jury on its own motion. He concedes that it is the law of this state that the testimony of the prosecutrix is sufficient to sustain a conviction when such evidence is not inherently improbable or unbelievable. Nevertheless he contends that in every similar case where the conviction has been affirmed there has been some corroborating circumstance or fact to give credence to the testimony of the prosecutrix. He relies on *People* v. *Benson,* 6 Cal. 221 [65 Am. Dec. 506], and other cases, wherein it has been indicated that the court will warn the jury of the danger of a conviction on uncorroborated testimony of a prosecutrix. In the Benson case, and similar cases relied on, wherein it was determined that the failure of the court to give a cautionary instruction at the defendant's request constituted prejudicial error, it has been noted that the unsupported testimony of the prosecutrix was so improbable of itself as to warrant the belief that the verdict was more the result of prejudice or popular excitement than the calm and dispassionate conclusion upon the facts.

In the present case, however, the testimony of the prosecutrix was not characterized by such inherent improbability

and there was some circumstantial evidence which could be said to corroborate and lend plausibility to her testimony.

The case of *People* v. *Adams,* 14 Cal. (2d) 154 [93 Pac. (2d) 146], affords no support to the defendant's contention. In that case the defendant was charged on two counts of violation of section 288 committed against a female child of five. It was there indicated that in a proper case the trial court's refusal at the defendant's request to give a cautionary instruction would amount to prejudicial error, but that in that case the defendant's rights were fully protected by the fact that substantially the same admonitions were contained in other instructions. The judgment was reversed on other grounds.

The opinion in the case of *People* v. *Lucas,* 16 Cal. (2d) 178, 181 [105 Pac. (2d) 102], was intended to clarify what appeared to be an uncertain state of the law with respect to the giving of cautionary instructions in cases of this character involving offenses against children. We there stated: "We are firmly of the view that in all cases of this character a defendant should be afforded the benefit of a cautionary instruction . . . to the general effect that such a charge is easily made and difficult to disprove for which reason the testimony of the prosecuting witness should be examined with caution." However, for the reason that no prejudice resulted to the defendant in that case by failure to give the instruction, the judgment of conviction was affirmed.

In the present case no prejudice to the defendant's rights appears by reason of the court's failure to give a cautionary instruction on its own motion. There was no evidence of coaching of the prosecutrix. There was every indication that her testimony was the result of actual experience, rather than a fancy or figment of her imagination. There was no showing that there existed any animosity, or malice, or desire for vengeance on the part of either the prosecutrix or her mother toward the defendant or his family. The mother and the defendant had not been acquainted until the time of the arrest. There is nothing in the record to indicate that the jury was moved by prejudice or was inflamed by popular excitement. The trial, which took place in a large room with the use of a microphone by the witnesses, was conducted in an orderly and quiet manner and counsel for both the people and the defendant appeared to be cooperating with the court

so to conduct it. ■ In this respect the defendant contends that nevertheless certain remarks of the court at the commencement of the trial constituted prejudicial error. They occurred in the presence of the jury when the court asked counsel concerning exclusion of spectators. Upon receiving a reply in the negative from the defendant's counsel, the court questioned the propriety of conducting the trial in the hearing of "these people who have long ears and who want to hear something smutty." Additional conversation was had outside the hearing of the jury. Thereupon the trial proceeded without the order of exclusion. In view of what has been stated, and considering the entire record, we cannot conclude that any prejudice resulted to the defendant by reason of the remarks of the court. The court's designation of the case as "smutty," while perhaps unbecoming to judicial decorum, was merely descriptive of an element in the case of which it may be said the jury was already aware. The record in this case does not show that the remarks of the court caused the jury to prejudge the defendant or that they influenced its verdict in any way.

■ It is also claimed that the acquittal of the defendant on the charges of violation of section 288 of the Penal Code amounted to an acquittal on the charges of rape, because, so it is asserted, both charges depended on the same act committed by the defendant. The defendant argues that having been found guilty of rape he must necessarily have been found guilty of the charges under section 288, therefore, having been acquitted of the latter charges, he should also be deemed to have been acquitted of the former. The only acts proved were the acts of rape. It is conceivable that in some cases circumstances may be presented to support convictions on both charges relating to the same event. (*People* v. *O'Donnell*, 11 Cal. (2d) 666 [81 Pac. (2d) 939]; *People* v. *Hickman*, 31 Cal. App. (2d) 4, 11 [87 Pac. (2d) 80].) But it does not follow that where the act of rape only is involved the defendant must be found guilty of both charges or neither.

The defendant furnishes one answer. He quotes the following from *People* v. *Day*, 199 Cal. 78 [248 Pac. 250] : "It may be conceded that, if the two counts stated precisely the same offense, an acquittal upon one count would operate as an acquittal upon the other count." This test is not available to him, because the two counts involved stated separate

offenses, the one, statutory rape (section 261, Penal Code), and the other, lewd and lascivious conduct committed against children (section 288). The fact that section 288 as it now reads also includes "any of the acts constituting other crimes provided for in part one of this code," which includes section 261, does not militate against this conclusion, for, under that provision, the defendant may be found guilty under either section.

Another answer is furnished by section 954 of the Penal Code. That section permits charges of two or more different offenses connected together in their commission, or different statements of the same offense, in one indictment, information or complaint, and provides that a verdict of acquittal of one or more counts shall not be deemed or held to be an acquittal of any other count.

The provisions of section 654 of the Penal Code do not lend support to the defendant's contention. That section provides that an act which is made punishable in different ways by different provisions of the code, may be punished under either of such provisions, and in no case under more than one; also that an acquittal *or* conviction and sentence under one bars a prosecution for the same act under any other. The defendant has been convicted under the one, and in accordance with those provisions he was therefore acquitted under the other.

The defendant asserts that the verdict was a compromise. It has been held that a verdict of guilty on some counts and not guilty on others in a similar case does not necessarily give rise to the suspicion that the action of the jury was a compromise. (*People* v. *Christensen, supra.*) Such a suspicion is unfounded in the present case where it may be said that the jury was justified in concluding that the only acts proved were those based on the charge of statutory rape. The fact that the jury had a choice of finding the defendant guilty under one or the other section does not of itself indicate a compromise. There can be no suspicion of a compromise where the record shows that the evidence sustains the verdict of the jury. We find in the record no error which would justify a reversal. The judgment and the order are affirmed.

Gibson, C. J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Pullen, J., *pro tem.*, concurred.