[Crim. No. 3051. First Dist., Div. One. Feb. 7, 1955.]

THE PEOPLE, Respondent, v. ARTIS MARTIZ, Appellant.

Artis Martiz, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Victor Griffith, Deputy Attorney General, J. F. Coakley, District Attorney (Alameda), and Kierman R. Hyland, Deputy District Attorney, for Respondent.

PETERS, P. J.—By information Artis Martiz was charged in two counts with having violated section 11500 of the Health and Safety Code, that is, that on January 4, 1954, and again on January 5, 1954, he had unlawfully sold and furnished narcotics. One Willie Scott was jointly charged as to the count relating to January 4, 1954, and each accused was charged with a prior conviction. Scott pleaded guilty, but Martiz, although admitting the prior, pleaded not guilty to the two main charges. The jury found Martiz guilty on both counts. Judgment and sentence were entered April 8, 1954. On June 18, 1954, Martiz filed a notice of appeal from the judgment. ▮▮ Rule 31 of the Rules on Appeal requires that in criminal cases a written notice of appeal must be filed "with the clerk of the superior court within 10 days after the rendition of the judgment." The filing of such notice within the time specified is jurisdictional and not subject to qualification because of hardship. (*People* v. *Dawson*, 98 Cal.App.2d 517 [220 P.2d 587]; *People* v. *Lewis*, 219 Cal. 410 [27 P.2d 73].)

Appellant recognizes that the notice of appeal was filed too late, but contends that such late filing should be excused for the following reasons: On May 10, 1954, appellant placed in the hands of the mail clerk at San Quentin an affidavit directed to the District Court of Appeal, First Appellate District. It is there averred that "on Monday, April 12th, 1954, as a prisoner in the Alameda County Jail, he prepared a Notice of Appeal, and deposited it at the designated place prescribed for picking-up mail." It is then averred that he assumes "that the Court had neglected, or overlooked, or did not receive the Notice of Appeal" and for those reasons "he is asking the Court to notify him of any action taken, as the result of his Notice of April 12th, 1954. If no action was taken, he requests the Court to grant him relief from the loss of ten (10) days appeal." A copy of this affidavit was mailed to the Alameda County Clerk.

The original affidavit was not received by the clerk of this court, but the copy was received by the trial court clerk on May 18, 1954. On June 4, 1954, the appellant wrote the clerk of the trial court telling him that he had directed the affidavit to the appellate court by mistake, and requesting advice. This letter was apparently given to Judge Quayle, who had tried and sentenced appellant, because on June 11, 1954, the judge notified appellant by letter that the records of the trial court in his case indicated that no notice of appeal had been received at any time. The judge suggested that the appellant file such a notice, and then leave it up to the appellate court to determine whether such notice was timely. Appellant thereupon filed the notice of appeal on June 18, 1954.

Obviously, the notice of appeal was filed too late, not having been filed until 71 days after the rendition of the judgment. ▮ The late filing cannot be condoned on the showing made by appellant. All that the affidavit avers is that within the required 10 days, a notice of appeal was deposited in the place designated for picking up mail. It is not averred that the notice was handed to any official of the county jail or that such official was negligent in its handling. This is not a case of a letter being delayed and then being delivered late. In this case the letter containing the purported notice of appeal was never received. We do not know to whom or how the letter was addressed. In the absence of proof of negligence on the part of the court or jail officials, the risk of nondelivery must be borne by the appellant. This would be so even though it had been averred, which it was not, that the notice was deposited in the mail, properly stamped and addressed. ▮ As was said in *People* v. *Slobodion,* 30 Cal.2d 362, 367 [181 P.2d 868] : ". . . depositing the notice in the mail is not a filing, and it has been expressly held that section 1013 of the Code of Civil Procedure, providing that in case of service by mail the service is complete at the time of deposit, has no application to a notice of appeal. (*McDonald* v. *Lee,* 132 Cal. 252 [64 P. 250] ; *Estes* v. *Chimes,* 40 Cal.App.2d 41 [104 P.2d 74].)"

It is true that in some cases it has been held that late filings of notices of appeal may be excused where it could be held that there had been a constructive filing of the notice within the 10-day period. Thus, in *People* v. *Slobodion, supra,* the appellant within the 10-day-period handed his letter containing the notice of appeal, properly addressed, to

an employee of the prison in charge of the mail. This prison official negligently failed to mail it within the 10-day-period. The court held that the appellant should not be deprived of his right of appeal because of the negligence of the state employee, and therefore concluded that the notice had been constructively filed with the county clerk by delivery to the prison mail clerk. Similarly, in *People* v. *Frye*, 117 Cal. App.2d 101 [255 P.2d 105], the appellant delivered his notice to the mail clerk of the state prison on the 9th day and requested that it be forwarded, but, due to delay in the prison, it was not mailed until the 13th day. This court held the filing timely. (See also *People* v. *Aresen*, 91 Cal.App.2d 26 [204 P.2d 389, 957].) In *People* v. *Calloway*, 127 Cal.App.2d 504 [274 P.2d 497], the appellant relied on assurances of the prison officials, which were false, that he would have time to file after release from quarantine. The filing, three days late, was accepted.

Other cases to the same effect could be cited. All of them involve situations where a bona fide effort to file was made within the 10-day-period, the actual notice so prepared was received a few days late, and the late filing was caused by the acts of the prison officials. In the instant case all that appears is that the notice was prepared within time and deposited at the spot in the county jail designated for the picking up of mail. The notice was never received. If it had been deposited in a mailbox, appellant would have assumed the risk of nondelivery. Here, there was nothing more. No official of the jail is charged with having received the letter, or having delayed it, or in having misled the appellant. Under such circumstances, the appeal was filed too late.

The notice of appeal having been filed too late, the appeal must be and is dismissed.

Bray, J., and Wood (Fred B.), J., concurred.