[Crim. No. 1014.   Fourth Dist.   Aug. 3, 1955.]

THE PEOPLE, Respondent, v. JOE RALPH
STRICKLAND, JR., Appellant.

Harold F. Tebbetts, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

MUSSELL, J.—Defendant was charged in count one of an information with the crime of rape by force and violence (Pen. Code, § 261, subd. 3) alleged to have been committed on or about March 21, 1954, upon one Patty Guerra, a 10-year-old girl. In the second count he was charged with the crime of committing lewd and lascivious acts upon the body of said child (Pen. Code, § 288), and in count three defendant was charged with the crime of assault by means of force likely to produce great bodily injury. (Pen. Code, § 245.)

The defendant entered pleas of not guilty and not guilty by reason of insanity as to said three counts. A jury trial was waived by defendant, his counsel and by the district attorney. The trial court found defendant guilty as to counts one (rape) and three (assault by means of force likely to produce great bodily injury), and not guilty of the offense charged in count two. The court also found that the defendant was sane at the time the offenses were committed. Judgment was entered on July 27, 1954, and defendant was sentenced to the state prison. On August 9, 1954, he filed a notice of appeal from the judgment and ''from the order denying motion for a new trial.'' No motion for a new trial was made. Therefore, the attempted appeal from the purported order denying the motion should be

dismissed. ■ Defendant's notice of appeal was not filed in time and the rule is that under such circumstances an appeal must be dismissed. (*People* v. *Behrmann,* 34 Cal.2d 459, 461, 462 [211 P.2d 575].) ■ Appellant states in his closing brief that after entering the state institution at Chino he made every attempt possible to contact the legal officer of the institution to file a notice of appeal; that after many days with no interview by the legal officer, he wrote to the county clerk at San Diego; that this letter was returned with a notice to see the legal officer and on August 6th the legal officer interviewed him and permitted the filing of the notice of appeal. No motion was made by the attorney general to dismiss this appeal and the record does not contain proof of facts sufficient to show a constructive filing of the notice within the 10-day period as was the case in *People* v. *Slobodion,* 30 Cal.2d 362, 367 [181 P.2d 868]. See also *People* v. *Martiz,* 130 Cal.App.2d 602 [279 P.2d 568]. The late filing cannot be condoned on the showing made by appellant and the notice of appeal having been filed too late, the appeal must be dismissed. However, the evidence is amply sufficient to sustain the findings and judgment and the judgment would have to be affirmed if the appeal were timely.

The evidence shows that Patty Guerra, on March 21, 1954, lived with her mother and stepfather in an apartment in San Diego. On that date Patty was left alone in the apartment with the defendant. He picked her up and threw her on the bed and accomplished an act of sexual intercourse with her, after which he started to "pound" on her face with his fists and choked her. Defendant told her that if she told anyone he would kill her, and left the apartment.

Patty was examined by a physician the same afternoon, and he testified that she had two black eyes; that the left eye showed a subconjunctival hemorrhage; that there was a bruise on her forehead and minor abrasions inside the mouth and lips; that there were choke marks on the front of her neck and a small bruise on the left side of the rib cage. There were abrasions on both labia and small lacerations on the hymen. These lacerations were around a thirty-second or sixteenth-inch deep and were bleeding slightly.

Dottie Horton, the mother of the victim, testified that she left the girl and the defendant in the house about noon on March 21st and when she returned, Patty was at a neighbor's house; that her eyes were bloodshot; that there were bruises on her forehead, chin and throat, and finger marks on her

mouth; that her private parts were reddish and there was blood on her clothes.

Arthur Elkins, a bartender who knew the defendant, testified that he saw him on March 21st; that defendant took a few of his clothes and said he was going to "take off"; that defendant said he had committed a crime worse than murder and that he "felt he could get the chair for it."

Defendant testified in his own behalf and stated that on March 21st he was "pretty well drunk"; that he did not remember the events that took place that day. Concerning the crimes charged, he said "I can't say that I am innocent. I can't say that I'm guilty."

Appellant argues that there was no showing of penetration as required by section 263 of the Penal Code. However, in view of the entire testimony in the record we conclude that the trial court could validly infer that defendant accomplished sexual penetration of the complaining witness. ■ As is said in *People* v. *Vicencio*, 71 Cal.App.2d 361, 365 [162 P.2d 650]:

"The consummation of such an act may be shown by the circumstances and surroundings (*People* v. *Mayes*, 66 Cal. 597 [6 P. 691, 56 Am.Rep. 119]), and may be proved by circumstantial as well as direct evidence. (*People* v. *Preston*, 19 Cal.App. 675 [127 P. 660].) ■ The right to draw proper inferences from the evidence is a function of the jury; and as long as its conclusions do not do violence to reason, an appellate court is not permitted to substitute its findings of the ultimate fact for that reached by the jury (*People* v. *Kneiling*, 127 Cal.App. 151 [15 P.2d 561]), and inasmuch as we cannot say that the conclusion reached by the jury does violence to reason we likewise cannot say that such conclusion was erroneous."

■ In the instant case, as in the case of *People* v. *Stangler*, 18 Cal.2d 688, 690 [117 P.2d 321], the childish vocabulary of the complaining witness' descriptive details indicated sufficient penetration to support the charge of rape. Her testimony, corroborated by evidence of her physical condition after the attack and by other circumstances shown, is amply sufficient to support a judgment of conviction.

■ Appellant complains that he should have been found guilty only of "assault of attempt rape." There is no merit to this argument. There were two distinct crimes committed by defendant. After the rape, he commenced to beat and choke the complaining witness. This was a separate assault and separate acts were proved as the basis of each conviction.

Multiple convictions have been affirmed in cases in which separate and divisible acts have been proved as the basis of each conviction, even though those acts were closely connected in time and were part of the same criminal venture. (*In re Chapman*, 43 Cal.2d 385, 389, 390 [273 P.2d 817].)

Appellant further complains that the trial court did not properly dispose of his insanity plea. This contention is likewise without merit. ▮ Defendant waived his rights to a jury trial and his right to have separate trials on his guilt and sanity. That this may be done is held in *People* v. *Dessauer*, 38 Cal.2d 547, 554 [241 P.2d 238]. The reporter's transcript shows that defendant's counsel informed the trial court in the presence of the defendant that he had discussed the question of defendant's sanity with him and that defendant did not desire to go ahead with the sanity hearing. When asked by the court if there were any legal cause to show why judgment should not be pronounced defendant replied, through his counsel, that there was none. The trial court thereupon found that the defendant was sane and we see no prejudicial error in this finding.

The appeal is dismissed and the attempted appeal from the purported order is also dismissed.

Barnard, P. J., concurred.