[Crim. No. 5959.   Second Dist., Div. One.   Dec. 30, 1957.]

THE PEOPLE, Respondent, v. JOHN EMMETT CARR, Appellant.

John Emmett Carr, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Herschel Elkins, Deputy Attorney General, for Respondent.

DRAPEAU, J.*—John Emmett Carr, defendant in this case, was convicted of two counts of violation of the Corporate Securities Act. (Corp. Code, § 26104, subd. (a).)

He and his associates took money from two women, for which they gave them securities in projected motion picture enterprises. One woman lost a thousand dollars, and the other one lost five thousand dollars. These "securities" were issued without the permit of the Corporation Commissioner, as required by law.

Mr. Carr waived a jury trial. In the superior court the People's case was submitted by stipulation upon the reporter's transcript of the proceedings on the preliminary examination in the municipal court.

The judge of the superior court suspended sentences imposed upon defendant, and granted him probation for five years, with a fine of $300 on one count only, and with a direction that he make such restitution as the probation officer should recommend.

Defendant appeals from the judgment, and appears in this court in propria persona.

He argues on appeal:

1. That "the plaintiffs entered into a conspiracy with the district attorney's office . . . to amend their original complaints, against Phillip Dane, President and Treasurer of the International Synchronization Corp." to include him.

2. That the prosecution failed to prove any violation of the Corporations Code, and that the trial judge refused to furnish the oral proceedings of the court's findings and arguments requested by defendant.

Defendant complains that the name of one David C. Craig was not identified with the transaction, although one of the women who lost her money identified him as the man who arranged her business with Mr. Phillip Dane; also that restitution was for one-third by this defendant, one-third by Mr. Dane, and one-third by Mr. Craig.

Defendant also complains of the refusal of the trial judge to "consider the refutation of one of the women's statements under oath as to repayment of the first $300" that he and his associates got from her.

Finally, defendant charges perjury by all of the witnesses against him, and challenges the trial judge "to join the state and oppose me before the court in oral argument."

---

*Assigned by Chairman of Judicial Council.

Like so many men who attempt to try their own cases, Mr. Carr completely misunderstands the function of a court of review under the Constitution and laws of California.

In 4 California Jurisprudence 2d, at pages 481 and 482, is to be found a good statement of the rule. In criminal matters an appellate court is expressly limited by the Constitution to a review of questions of law alone. And where there are mixed questions of law and fact and no error is shown in the application of the rules of law to the facts proved the determination of the lower court must stand.

All that an appellate court is permitted to do is to ascertain from the record if there is any substantial evidence to support the verdict of a jury or of a judge.

So in this case, reading the reporter's transcript of the preliminary examination and of the trial in the superior court, this court finds substantial evidence to support the judge's verdict that Mr. Carr participated in issuing for value (Count I) certificates of interest in a profit sharing agreement and investment contract; and (Count II) a percentage of stock in a profit making corporation without having first applied for and secured a permit from the corporation commissioner to sell such securities. This falls exactly into the conduct denounced by section 26104, subdivision (a), of the Corporations Code. (Also see § 25500 of the same code.)

While Mr. Carr and some of his witnesses testified to facts that might support a contrary conclusion, it was the sole and exclusive function of the trial judge to determine who was telling the truth, and his determination is binding upon us. (*People* v. *Stangler*, 18 Cal.2d 688 [117 P.2d 321].)

It is immaterial whether or not Mr. Craig's name was identified with the transaction. The evidence shows that Mr. Carr was identified with it, and that is enough. (*People* v. *Whelpton*, 99 Cal.App.2d 828 [222 P.2d 935].)

Nor is there anything in the record that shows any conspiracy of the district attorney's office to include Mr. Carr in this prosecution. Indeed it is hard to understand this contention, for he was present and did most of the talking at the interviews with these two women, and he was secretary of the proposed corporation that figured in the transaction resulting in Count II of the information. Nor do we understand his contention as to the oral proceedings leading up to the findings of fact. The findings are in the clerk's transcript, and the oral proceedings leading up to them are in the reporter's transcript of the trial.

The probation officer's determination as to the amount of restitution to be made by the three men who got the money is also immaterial.

No prejudicial error appears in this record. There is no indication of any bias against defendant of the trial judge. Defendant is fortunate that he wasn't sent to the state penitentiary. The fact that he was not indicates that if the judge had any bias at all in the case, it was in defendant's favor. And if defendant doesn't meticulously conform to the conditions of his probation the penitentiary is just where he will wind up.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.