[Crim. No. 3445. First Dist., Div. One. Aug. 24, 1959.]

THE PEOPLE, Respondent, v. FLULCHER GRIMES, Appellant.

Bernard C. Kearns, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown and Stanley Mosk, Attorneys General, Clarence A. Linn, Chief Assistant Attorney General, John S. McInerny, Deputy Attorney General, J. F. Coakley, District Attorney (Alameda) and C. Zook F. Sutton, Deputy District Attorney, for Respondent.

WOOD (Fred B.), J.—Convicted a second time for violation of section 288a of the Penal Code, defendant appeals from the judgment and from an order denying his motion for a new trial. The decision upon the first appeal reversed the judgment because of errors of law occurring at the trial. (See 148 Cal.App.2d 747 [307 P.2d 932].) Upon the second trial, in addition to other defenses, defendant pleaded prior acquittal and once in jeopardy.

Upon this appeal he assigns as error: (1) refusal of his instructions and offer of proof concerning prior acquittal and once in jeopardy; (2) submission to the jury of the question whether the prosecuting witness was an accomplice; (3) improper interrogation of defendant's character witness.

(1) *The pleas and offer of proof of prior acquittal and once in jeopardy* were predicated upon the fact that the information charged, in separate counts, violations of sections 288 and 288a of the Penal Code, based upon one and the same act. At the first trial defendant was acquitted of the section 288 charge and convicted of the section 288a charge. Upon reversal of the latter he made these pleas in the trial court, claiming that acquittal of the section 288 charge operated as an implied acquittal of the section 288a charge. His theory is that the former is necessarily included in the latter offense.

██ Violation of section 288 is not ''necessarily'' included (see Pen. Code, § 1159) in a violation of section 288a. The former may be committed only with a minor; the latter, either with a minor or an adult. That is the basis for holding that contributing to the delinquency of a minor (Welf. & Inst. Code § 702) is not necessarily included in forcible rape (Pen. Code, § 261, subd. 3). (*In re Hess*, 45 Cal.2d 171 [288 P.2d 5].) The court in the Hess case distinguished *People* v. *Greer*, 30 Cal.2d 589 [184 P.2d 512], upon the ground that the offense of which Greer was first convicted (contributing to the delinquency of a minor) was necessarily included in *statutory* rape (Pen. Code, § 261, subd. 1) and lewd conduct with a minor (Pen. Code, § 288), the offenses of which he was later convicted, all based upon a single act with a 13-year-old girl.[1]

██ Moreover, whether an included offense or not, acquittal of the section 288 charge, did not in this case operate as an

---

[1] All three were charged in the same information. Upon the first trial defendant was convicted of violating Welf. & Inst. Code, section 702. The jury disagreed on the other two charges; followed by a second trial and conviction as to each.

acquittal of the section 288a charge. The district attorney had the right to present both charges, in separate counts, each based upon the same act. (Pen. Code, § 954, 1st sentence.) He was "not required to elect between the different offenses or counts . . ." (Same, 2d sentence.) Acquittal of one or more of such counts is *not* "deemed an acquittal of any other count." (Same, last sentence.) This enables the district attorney to present to the jury for its determination a variety of charges all based upon the same act or transaction. That determination is made in the form of conviction on one of those charges and acquittal on the other or others. In such a case under such a statute there is no basis for interpreting an acquittal on one count as acquittal on any other count. (*People* v. *Stangler*, 18 Cal.2d 688, 696 [117 P.2d 321]; *People* v. *Amick*, 20 Cal.2d 247, 249-254 [125 P.2d 25].) This procedure is in harmony with the principle that a person can not be punished twice for the same act. ■ In such a case, if the defendant is convicted and sentenced on two or more counts, the judgment on the count which carries the most serious penalty will be affirmed and the other or others reversed. (*People* v. *Webb*, 158 Cal.App.2d 537, 541-543 [323 P.2d 141], and cases there cited.)

■ Additionally, we observe that the court, upon the first trial herein, appropriately instructed the jury that the information did not charge two separate offenses but in effect charged that the defendant committed one or the other and that if they found that he committed one of the crimes so charged they must determine which one and acquit him as to the other. That is precisely what the jury did. They gave a verdict of guilty on section 288a and of acquittal on section 288. Under such circumstances there is no possible basis for an inference that acquittal of the one operated as acquittal of the other.

■ For these reasons we also hold that upon the second trial the court properly refused to give an instruction which directed the jury to acquit should they find the charge of violating section 288 is necessarily included in the charge of violating section 288a.

■ (2) *Defendant complains of the giving of an instruction which submitted to the jury the question whether or not the complaining witness was an accomplice.*

Defendant does not question the correctness of the instruction (defining an accomplice and informing the jury concerning corroboration if the boy be found an accomplice) but does

claim it clearly appears, as a matter of law, that the boy was an accomplice.

Defendant is mistaken. The complaining witness, 13 years of age at the time, admitted he knew that the act charged was wrong, that he offered no resistance, and that upon conclusion of the offense defendant gave him $10 with instructions to go out, get it changed and return five to him at the latter's room, which the boy did. However, this was a 13-year-old boy in a strange hotel room with a relatively strange man much older than the boy. The latter might well feel it was prudent to passively submit rather than to risk incurring defendant's anger. There was no evidence that other persons were around, to the knowledge of the boy. Even if third persons had been within the sound of the boy's voice, had he fought and made an outcry, there is no evidence that anyone would or might come to his aid.

We cannot, as a matter of law, say that this boy was an accomplice. We find no error in the submission of that question to the jury. (See *People* v. *Westek*, 31 Cal.2d 469 [190 P.2d 9]; *People* v. *Claasen*, 152 Cal.App.2d 660, 663 [312 P.2d 579]; and cases relied upon in each.)

█ (3) *Was the allowance of the prosecution's interrogation of defendant's character witness prejudicial error?*

Adkins testified that he knew defendant as a friend and knew his reputation for morality, character and virtue was good.

Upon cross-examination he was asked if he had "heard it reported that on the 3rd of June, 1955, at about 2:15 a. m. the defendant Flutcher Grimes and a sailor by the name of Kinsey were arrested in Aquatic Park in this county—— ... and ... at that time the sailor's pants were noticed to be open and the sailor told the Police that the defendant Grimes had propositioned him for a blow job."

This question was a condensation of four questions which the prosecutor had asked each of defendant's character witnesses upon the first trial. The former questions were criticized by this court upon the former appeal. (See pp. 748-750 of 148 Cal.App.2d.) Upon that occasion we said the vice of that line of questioning was "that of going into the details of the hypothetical report concerning defendant and the sailor and of continuing with further questions on the subject, with each witness, after getting a negative answer to the first question, thus improperly bringing such matters to the jury's attention, with emphasis by repetition." (P. 749.) We criti-

cized such a line of questioning. We did not reverse upon that ground. No proper objection had been made, nor had defendant's counsel at the trial interposed an objection questioning the prosecutor's good faith or the existence of a factual basis for the questions.

Upon the second trial the prosecutor did not repeat or enlarge upon the question after receiving a negative answer from the witness.[2] He avoided that element of emphasis. Defendant contends, however, that undue emphasis was given the report of defendant's conduct with the sailor by putting all of the specific details into a single question instead of four. We do not so view it. When questioning a character witness as to his knowledge of reports of the conduct of the defendant, enough of the details must be given to indicate whether the reported conduct involved essentially the same traits of character as those attested by the defendant's character witness. We cannot say that the question asked upon the second trial herein went beyond bounds in that regard. The trial judge concluded it did not and we do not see a basis for substituting our judgment for his on that issue.

The question here under consideration was neither more detailed nor drawn out than were the questions asked and deemed proper in such cases as *People* v. *Gin Shue*, 58 Cal. App.2d 625, 633 [137 P.2d 742], and *People* v. *Burwell*, 44 Cal.2d 16, 35 [279 P.2d 744].

It is true that in *People* v. *Neal*, 85 Cal.App.2d 765, 769 [194 P.2d 57], the court criticized the prosecution for having included certain details in a certain question, citing *People* v. *McDaniel*, 59 Cal.App.2d 672, 675-677 [140 P.2d 88]. However, as we read the Neal and McDaniel cases it appears that the real vice of the challenged questions inhered in the use of the expression "do you know?" The use of that expression (instead of "have you heard it reported?") was criticized as giving the jury the impression that the defendant had actually committed this, that, and the other offense.

 Particularly significant is the following statement in the McDaniel case: "[r]eputation is not what a character witness may *know* about defendant. Reputation is the estimation in which an individual is held; in other words, the character imputed to an individual rather than what is actually known of him either by the witness or others. By no rule of evidence would plaintiff have been permitted to 'prove the

---

[2] The witness answered: "Well the only time that I heard that was when I was in court, otherwise I didn't."

particular things,' referred to during the purported cross-examination.'' (P. 676 of 59 Cal.App.2d.) ▮ Significant also is the quotation from *People* v. *Burke*, 18 Cal.App. 72, 88 [122 P. 435], which appears at pages 676 and 677 of 59 Cal. App.2d, particularly the concluding portion thereof: " 'The rule is that, on cross-examination of character witnesses, they may be asked as to specific reports concerning the trait of character involved, if they have a tendency to establish the bad reputation, although they may not be sufficient for that purpose.' '' ▮ The court, in the McDaniel case, concluded that part of its discussion with these words: ''There is a vast difference between inquiring about reports, rumors and the like, of a character witness and questions as to what the witness *knows* of defendant.'' (P. 677.)

In addition, in the Neal and McDaniel cases there was a serious question as to the good faith of the prosecutor in propounding the questions. In our case, the good faith of the prosecutor in asking the challenged question was established to the satisfaction of the trial judge at a hearing held outside the presence of the jury. We have examined the record of that hearing and find in it no basis for disturbing the trial court's finding that the question was being asked in good faith. ▮ Plaintiff says it was bad faith to ask such a question because a negative answer had been given at the first trial. The prosecutor must have known, at the second trial, that he would get a negative answer. Whether the prosecutor knew that or not is immaterial. The jury did not know it. It was proper to let the jury know whether the witness had heard of the reported conduct with the sailor.

Finally, we observe that in its instructions to the jury the court properly, correctly and adequately informed the jury concerning the limited purpose of such a question when asked of a character witness upon cross-examination.

The judgment and the order are affirmed.

Bray, P. J., and Tobriner, J., concurred.

A petition for a rehearing was denied September 18, 1959.