[Crim. No. 6604.   Second Dist., Div. Three.   Oct. 21, 1959.]

THE PEOPLE, Respondent, v. FRANK SOLIZ AGUILAR et al., Defendants; ALEXANDER RICHARD SALDI-VAR, Appellant.

David Hoffman, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Marvin L. Part, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—In two counts of an information, defendant Saldivar and three other persons (Aguilar, Cardona, and Juarez) were accused of robbery. Defendant Saldivar denied an allegation of the information that he had been previously convicted of burglary. In a nonjury trial the defendants were convicted on both counts (robbery in the second degree). The allegation as to prior conviction was found to be untrue. ██ Saldivar appeals from the judgment and from an "order denying his motion for acquittal." The order, so referred to, is not appealable.

Appellant asserts that the evidence was not sufficient to support an inference that he aided or abetted in the commission of a robbery.

On August 1, 1958, about 10 p. m., Ted Stevens, age 15, and Pat Burke, age 16, were on a highway (freeway) in Long Beach and were intending to hitchhike to their homes. They

gave a "hitchhiker's signal," and an automobile stopped. The driver and owner of the automobile was defendant Aguilar. Defendant Juarez was in the front seat with the driver. Defendant Cardona and Saldivar, and one Lopez (a juvenile, who was not prosecuted herein), were in the rear seat. Saldivar was on the left end of the rear seat; Cardona was in the middle of the seat; and Lopez was on the right end of the seat. When the automobile stopped, Juarez (who was in the front seat with the driver) got out of the automobile, and Pat Burke got into the front seat and sat between the driver and Juarez (who had reentered the automobile). Also when the automobile stopped, Lopez (who was on the right end of the rear seat) got out of the automobile, and Ted Stevens got into the rear seat and sat between Cardona and Lopez (who had reentered the automobile). Pat and Ted (the boys who were hitchhiking) told the defendants that their destination was the "101 Bridge." When the automobile arrived at the bridge, the boys said that was the place where they were going. The driver did not stop the automobile there, but he "kept laughing," and the other defendants laughed and spoke Spanish. At a place about a mile and a half past the bridge, the automobile left the freeway and went upon streets which were unknown to the boys. After passing the bridge, Juarez asked for Pat's jacket. Pat replied that he was cold. After leaving the freeway the boys could not understand the conversation of the defendants because they were speaking Spanish. Ted testified that the driver was drunk, that some of the other defendants appeared to be drunk, and there were beer cans in the automobile. The defendants had been drinking beer. After the automobile left the freeway, Juarez again asked for Pat's jacket, and then Pat felt a sharp point at the back of his neck. Then Juarez again asked for the jacket, and Pat replied that he was cold. Juarez said, "Would you rather be cold or cold stiff?" Pat gave the jacket to him. Juarez also asked for Pat's shirt, and Pat gave it to him. Then Juarez took Pat's wallet.

During the time Juarez was taking those things from Pat (who was in the front seat), Lopez asked Ted (who was in the rear seat) for his jacket. Then Ted, who had heard Juarez ask Pat if he would rather be cold or cold stiff, gave his jacket to Lopez.

After those things had been taken from the boys, the automobile stopped and the boys got out, and the automobile went away. The boys had been in the automobile about 10 minutes.

They telephoned the police. Later that evening, when the defendants were arrested in Long Beach, defendant Lopez was wearing one of the jackets, and defendant Cardona was wearing the other jacket. Pat's wallet was found under the right front seat of the automobile, and his shirt was found in the rear seat.

Ted testified that defendant Saldivar did not speak to him, or touch him, or take anything from him; Saldivar did not speak to Pat, but he was talking with the group.

Defendant Saldivar testified that he was on the left end of the rear seat; he saw the hitchhikers give their jackets to the other defendants; he was drinking beer and was not paying particular attention to what was being said; after the automobile passed the bridge the boys appeared to be scared; then there was "quite a bit of laughing in the car," and he and the other defendants were "joking in the car"; they were talking Spanish; after the boys got out of the automobile the defendants returned to Long Beach.

Section 31 of the Penal Code provides: "All persons concerned in the commission of a crime . . . and whether they directly commit the act constituting the offense, or aid and abet in its commission . . . are principals in any crime so committed."

In *People* v. *Hill*, 77 Cal.App.2d 287 [175 P.2d 45], it was said at page 293: "To be an abettor one must have instigated or advised the commission of the crime or have been present for the purpose of assisting in its consummation."

In *People* v. *Moore*, 120 Cal.App.2d 303 [260 P.2d 1011], it was said at page 306: "The presence of one at the commission of a felony by another is evidence to be considered in determining whether or not he was guilty of aiding and abetting; and it has also been held that presence, companionship and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." In the Moore case, just cited, it was held that the conviction of the appellant therein, as an abettor in a robbery, was supported by the evidence. In that case there was evidence that the appellant and two other men approached the victim of the robbery, and that the two other men apprehended and searched the victim and took $7.00 from him while Moore, the appellant, was standing 4 or 5 feet away; that soon after the robbery the three men were arrested and searched, and the $7.00 was found on Moore.

In *People* v. *Green,* 96 Cal.App.2d 283 [215 P.2d 127], it was said at page 290: "[T]o authorize the conviction of one as an aider and abettor, . . . the evidence must show, not only that he aided and assisted in the doing thereof, but also that he abetted the actor—i.e., that he aided, with guilty knowledge or intention, the actual perpetrator in the commission of the act."

In the present case the appellant was a passenger in the automobile when the driver stopped, at the boys' request, to allow the boys to enter the automobile as passengers. There was no evidence that appellant was a party to a common scheme or plan to commit robbery or any crime. While the robberies were being committed the automobile was moving, and appellant was on the left end of the rear seat where he had no contact with either victim. There was no evidence that anything which was taken from the boys was found upon appellant or in his possession. There was evidence that prior to the robberies the appellant spoke Spanish and laughed and joked. In summary, the evidence of overt or affirmative acts, allegedly constituting aiding and abetting on the part of appellant, is the evidence of (1) appellant's laughing and joking, and speaking Spanish, prior to the robberies; (2) his remaining in the moving automobile; and (3) his failure to protest the acts of his four apparently-intoxicated codefendants. The evidence, with reference to appellant, was not legally sufficient to support an inference of aiding and abetting.

The attempted appeal from the order denying the motion for acquittal is dismissed. The judgment is reversed.

Shinn, P. J., concurred.