[Crim. No. 1822.   Fourth Dist.   June 21, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. ETHEL SMITH, Defendant and Appellant.

Sheela, O'Laughlin & Hughes and Barton C. Sheela, Jr., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and George W. Kell, Deputy Attorney General, for Plaintiff and Respondent.

SHEPARD, Acting P. J.—This is an appeal by defendant Ethel Smith from a judgment of conviction of the crime of rape.

## FACTS

Appellant and James Riley Jenkins were charged in four counts of an indictment with lewd and lascivious conduct and rape alleged to have been committed against the person of Carol Jean Love, the daughter of appellant, on or about August 16 and August 17, 1961. Nine other counts were charged against Jenkins alone. Counts 10 and 12 charged rape against both defendants on the respective dates and counts 11 and 13 charged lewd and lascivious conduct on the

same dates. The verdicts of the jury as to Jenkins have not been included in this record, but the reporter's transcript shows that he was found guilty of lewd and lascivious conduct as charged in counts 2, 4, 5, 7, 9, 11 and 13. The record is silent as to Jenkins' verdicts on counts 1, 3, 6, 8, 10 and 12 (rape).

It appears that Jenkins met a woman named Mary Weaver in 1947 and commenced a common-law marriage with her; two children were born to them. They moved to San Diego about 1957 and settled near the Smiths. Jenkins became acquainted with Carol, daughter of appellant by a former husband. Mary Weaver continued to live as Jenkins' wife until 1961.

Jenkins had had sexual intercourse with Carol many times commencing when Carol was 9 years old, but did so in somewhat clandestine fashion. Appellant suspected what was happening, but proof of direct knowledge on her part prior to August 16, 1961, could only rest on circumstantial inferences. No criminal charges are made against her as to any event occuring prior to that date. Some time in 1960 a Joe Daniels, another former husband of appellant, appeared on the scene. His connection with the matters here discussed is not apparent from the record.

On August 16, 1961, Jenkins, Carol and appellant went to Tijuana, in Baja California, Mexico, and visited a marriage broker. The marriage broker was the secretary of a lawyer, but had no authority to perform a marriage ceremony. Carol's age was misrepresented to him to be 15 years. He used a form of proxy marriage application valid in the State of Morelos, located in central Mexico, but not in the State of Baja California. Necessary for the validity of such an application are a minimum age of 14 in the girl, plus consent of both parents, if living, and if she is under 21, bona fide residence in Mexico, health certificate of both parties, and a contract fixing property rights. When all such conditions are properly met, the documents are forwarded to the clerk of Civil Registry at the state capital (here Cuernavaca), and if there approved and filed the marriage is complete. None of these preliminary conditions were even attempted to be met in the case at bar except that Carol's age was willfully falsified to 15 years instead of her true age of 13. The marriage broker involved testified that no ceremony of marriage was performed, no ring exchanged or given, no announcement of marriage, and no kissing of the bride; that, on the contrary, he gave only a receipt for the $10 fee and informed all parties

that Jenkins and Carol would not be married until the documents had been approved and recorded in the state of Morelos. The documents were rejected and returned without registration or recording by the registrar. The record shows without conflict that no marriage occurred. As the expert on Mexican law, Judge Leopoldo Cortez Alverde stated, ". . . there is really no point in showing if it is void or voidable. It just doesn't exist."

Acts of sexual intercourse took place between Carol and Jenkins on August 16 and 17, 1961. Carol was not pregnant and none of the parties suggested that they believed so. Defendants did not contend that any applicable exception to the minimum age requirement existed.

Appellant's defense is based principally on her assertion of a good-faith belief in the validity of the purported marriage of August 16, 1961, at Tijuana. She testified in substance that the intercourse of Jenkins and Carol prior to August 1961 was concealed from her; that they told her they were going to marry; that she tried to prevent it; that they said they would marry without her consent; that because of this she went to Mexico with them, consented to but did not affirmatively participate in the falsification of her daughter's age; saw rings put on her daughter's finger by Jenkins at what she thought was a marriage ceremony, heard the marriage broker tell Jenkins to kiss the bride; and that the marriage broker told them and she believed that Carol and Jenkins were legally married.

### SUFFICIENCY OF THE EVIDENCE

Appellant first contends that the evidence is insufficient as a matter of law to sustain the verdict and judgment.

She admits that conviction as a principal is proper on the theory of aiding and abetting, even though she could not herself have directly committed the act. (*People* v. *Horn,* 25 Cal. App. 583 [144 P. 641]; *People* v. *Bartol,* 24 Cal.App. 659 [142 P. 510].) But, she contends, in the role of aider and abettor, proof of guilty knowledge and specific intent is required under the circumstances here present. (*People* v. *Dole,* 122 Cal. 486 [55 P. 581, 68 Am.St.Rep. 50]; *People* v. *Etie,* 119 Cal.App.2d 23 [258 P.2d 1069]; *People* v. *Goldstein,* 146 Cal.App.2d 268 [303 P.2d 892]; *People* v. *Aguilar,* 174 Cal.App.2d 662 [344 P.2d 880].)

She contends that the evidence is uncontradicted that all participants thought the marriage was legal and that there was no evidence from which any knowledge of wrongdoing could

be imputed. However, she overlooks the testimony of Carol that appellant prompted Carol before the marriage, while on the way to Tijuana, to falsify her age from 13 to 15; that the application for marriage signed by both Carol and Jenkins was made out and signed in the presence, sight and hearing of appellant; that said application is comparatively short and contains the statement, "We also state that the marriage laws of Mexico have been explained to us and that we are aware and know that we cannot consider ourselves married until we receive our Official Certificate; therefore no ceremony of any kind has been performed for us;" and the testimony of Manuel Morales Garcia, the Secretary Clerk, that he explained to appellant at his office in Tijuana that there would be no legal marriage until the papers were returned from the Civil Registry in the State of Morelos. The room was very small and appellant testified that it was quite simple to see and hear everything going on. The jury could have believed that she saw this in the application or that Garcia was truthful in saying that he explained the same thing to her orally, or both. The fact that she willfully falsified or knowingly permitted Carol's age to be falsified, coupled with her laxity in Carol's supervision after she at least suspected Jenkins' sexual connections with Carol, may have caused the jury to place no faith in her testimony. It was not required to believe her. Under the circumstances they could reasonably have been convinced that the whole marriage plan was sham. A sham marriage is no defense to rape. (Pen. Code, § 261, subd. 6.) There is no reason to distinguish in the case of a minor. Willful participation by appellant, with knowledge that there was, in truth, no marriage, would under the other circumstances here present, be sufficient to support the verdict and judgment. (*People* v. *Goldstein, supra,* p. 273 [7]; *People* v. *Etie, supra,* p. 28 [1-3].)

### ERRORS IN REJECTING EVIDENCE

██ Appellant next charges that the rulings of the trial court restricting evidence relating to appellant's state of mind; that is, her knowledge and belief as to the validity of the marriage, was error. With commendable frankness, the Attorney General has carefully analyzed the rulings in this respect and affirmatively arrives at the same conclusion. It seems clear to us that this is true. Knowledge and belief of appellant as to the validity or invalidity of the purported marriage was an essential question on the decision of ap-

pellant's guilt; an aider and abettor must act with knowledge, thus sharing in the criminal intent. (*People* v. *Le Grant.* 76 Cal.App.2d 148 [172 P.2d 554] ; *People* v. *Wooten,* 162 Cal. App.2d 804, 810 [1-3] [328 P.2d 1040] ; *People* v. *Hill,* 77 Cal.App.2d 287, 293-294 [3-4] [175 P.2d 45].)

██  Where specific intent is an essential, as here, proof of absence of criminal intent is admissible. Thus, under some circumstances a mistake of law may be a good defense. (*People* v. *Rosen,* 11 Cal.2d 147, 150, 151 [2] [78 P.2d 727, 116 A.L.R. 991] ; *Burke* v. *Watts,* 188 Cal. 118, 127 [6] [204 P. 578].)

██  Presence or absence of motive is a circumstance bearing on guilt or innocence. (*People* v. *Moore,* 48 Cal.App. 245, 250, 251 [5] [191 P. 980] ; *People* v. *Weatherford,* 27 Cal.2d 401, 423 [9] [164 P.2d 753] ; *People* v. *Teitelbaum,* 163 Cal.App. 2d 184, 215 [24] [329 P.2d 157] ; *People* v. *Albertson,* 23 Cal.2d 550, 557 [1] [145 P.2d 7].)  ██  Questions as to the pleadings of Carol and Jenkins to appellant for permission to marry, their threats to marry without her consent if she did not grant permission ; that Carol and Jenkins were the first to make proposals of marriage and not appellant; that appellant told Carol she would have to wait two years to be married, and that appellant wanted her to finish school, were all admissible on the question of motive and intent.

## PREJUDICE

The crucial question is whether or not the error resulted in prejudice. An examination of the whole record makes clear that every witness who was asked about these matters ultimately testified in full regarding the conversations to which objections had been made. Such testimony was fully argued to the jury by defense counsel and the jury were fully and correctly instructed on the subject of appellant's knowledge and belief regarding the validity of the marriage. There can be no real doubt that all the admissible evidence urged by the defense was ultimately received by the jury and that, under correct instructions, the jury rejected appellant's contention that she believed the marriage to be valid. The resolving of conflicts in the evidence and in the inferences to be drawn was within the province of the trial jury. (*People* v. *Love,* 53 Cal.2d 843, 850 [1-2] [3 Cal.Rptr. 665, 350 P.2d 705] ; *People* v. *Kemp,* 55 Cal.2d 458, 471 [4] [11 Cal.Rptr. 361, 359 P.2d 913].) We are unable to find prejudice to appellant. (*People* v. *Kendrick,* 56 Cal.2d 71, 88 [14] [14 Cal.Rptr. 13, 363 P.2d 13] ; *People* v. *Watson,* 46 Cal.2d 818, 825-837 [1-12] [299 P.2d 243].)

### ACQUITTAL OF MALE PARTICIPANT

Appellant next contends that acquittal of Jenkins on the charge of rape in counts 10 and 12 automatically bars conviction of appellant because Jenkins was the male participant and appellant only the aider and abettor, citing *People v. Angelopoulos,* 30 Cal.App.2d 538, 549 [10] [86 P.2d 873]. Under some circumstances the rule urged by appellant would be applicable, but not under those here present. No rule can be applied blindly. Each must fit the facts. In the case here at bar the jury found Jenkins guilty as charged in counts 2, 4, 5, 7, 9, 11 and 13, and appellant was found guilty as charged in counts 10 and 12. The same physical acts were charged in counts 10 and 11, and the proofs thereof were identical. The same is true of counts 12 and 13. Only the designation of the criminal offense was different. Section 288 of the Penal Code provides, *inter alia,* that it includes "any of the acts constituting other crimes provided for in part one of this code upon or with the body" of a child under 14 years of age. Section 261 is contained in the same part. It covers rape. It is clear, therefore, that guilt under section 288 includes any act on the body of a child under the age of 14 which amounts to rape under section 261.

The trial court in instructing the jury advised them that the acts charged on the same day were the same act, that the jury might find either or both defendants guilty of any one of two different acts charged as alternative counts of the same act but could not find either guilty of both of such alternatively charged counts. It seems clear that the jury were given to understand that they could find appellant guilty of count 10 or 11 but not both, and of 12 or 13 but not both.

The punishment for violating Penal Code section 288 is imprisonment in the state prison for one year to life. The punishment for the crimes charged in counts 10 and 12, violation of section 261, subdivision 1, is imprisonment in the county jail not exceeding one year or in the state prison not exceeding 50 years. Obviously rape as charged here is the lesser of the two offenses. The jury, in their verdict, recommended punishment for appellant in the county jail. They made no recommendation as to Jenkins. The court granted probation to appellant with time in jail. The record does not show what disposition was made of the alternative counts against Jenkins. It is fair to assume, however, that the jury simply discarded the verdicts thereon, since they had been

instructed that they could not find him guilty of two offenses for the same act and since the record contains no verdicts as to him except the verdicts of guilty on counts 2, 4, 5, 7, 9, 11 and 13. As a practical matter, despite some semantic differences, it does seem ''impossible that rape may be committed upon a child under the age of fourteen years without thereby violating the provisions of section 288.'' (*People* v. *Paris,* 59 Cal.App.2d 699, 702 [139 P.2d 671]; *People* v. *Greer,* 30 Cal.2d 589, 603 [184 P.2d 512].) But the reverse, of course, would not be true.

Under the circumstances here involved, we are unable to discover that the jury intended to or did find Jenkins not guilty of any of the charges. They simply found him guilty as charged, of the greater, inclusive offense of violating section 288. Appellant may not complain that she was treated more leniently by the jury than Jenkins. (*People* v. *O'Neal,* 2 Cal. App.2d 551, 562 [18] [38 P.2d 430].) Furthermore, under section 954 of the Penal Code, an acquittal of one count of two or more offenses connected together in their commission does not operate as an acquittal of the other. (*People* v. *Stangler,* 18 Cal.2d 688, 695 [7] [117 P.2d 321]; *People* v. *Codina,* 30 Cal.2d 356, 360 [3] [181 P.2d 881]; *People* v. *Grimes,* 173 Cal.App.2d 248, 251 [2] [343 P.2d 146].)

The judgment is affirmed.

Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 15, 1962.